1
2
3
4
5
6
7   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
    AT SEATTLE
8

| | |
|---|---|
| MONEY MAILER, LLC, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>WADE G. BREWER, <br><br>　　　　　Defendant. <br>_____ <br>WADE G. BREWER, <br><br>　　　　　Counterclaim Plaintiff, <br>　　v. <br>MONEY MAILER, LLC, *et al.*, <br><br>　　　　　Counterclaim Defendants. | NO. C15-1215RSL <br><br>ORDER GRANTING IN PART MONEY MAILER'S MOTION TO DISMISS COUNTER/CROSS-CLAIMS AND GRANTING LEAVE TO AMEND |

　　　　This matter comes before the Court on "Counterclaim Defendants' Partial Motion to Dismiss." Dkt. # 140. On July 31, 2015, Money Mailer, LLC ("MMLLC"), sued Wade Brewer for breach of contract and monies owed. Brewer was a former franchisee of Money Mailer Franchise Corporation ("MMFC"), a company that shares owners, officers, and directors with MMLLC. As part of the Franchise Agreement, Brewer was required to purchase goods and service from MMLLC, an arrangement which resulted in the debt that MMLLC is attempting to collect in this lawsuit. Brewer suspected that MMLLC and MMFC had colluded to mark up

ORDER GRANTING IN PART MONEY MAILER'S
MOTION TO DISMISS COUNTER/CROSSCLAIMS - 1

charges for printing and other services without adequate disclosure and filed counter/cross claims against the two companies on September 17, 2015. Two years later, Brewer filed an unopposed motion to amend his answer to assert crossclaims against four individual owners, officers, and/or directors of MMFC and MMLLC. The amended answer was filed on December 11, 2017. All counter/crossclaim defendants have taken the opportunity to file a motion to dismiss.[1]

MMLLC, MMFC, and the individual crossclaim defendants (collectively, Money Mailer) seek dismissal of most of the claims against them, arguing that the claims are barred by the statutes of limitations and/or are inadequately pled. The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory

---

[1] The fact that MMLLC and MMFC did not challenge the adequacy of the original pleading does not preclude this motion. In the Ninth Circuit, if an amended pleading is filed, even one which carries over the causes of action of the original pleading, the opposing parties are free to challenge the entire pleading. See Sidebotham v. Robison, 216 F.2d 816, 823 (9th Cir. 1954).

ORDER GRANTING IN PART MONEY MAILER'S
MOTION TO DISMISS COUNTER/CROSSCLAIMS - 2

or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the First Amended Answer, Affirmative Defenses, and Counterclaims (Dkt. # 139) and the memoranda submitted by the parties,[2] the Court finds as follows:

**A. Statutes of Limitation**

"The district court may grant a 12(b)(6) motion to dismiss on statute of limitations grounds only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000) (internal quotation marks and citations omitted). Dismissal of the FIPA, CPA, misrepresentation, civil conspiracy, and/or unjust enrichment claims on limitations grounds is not appropriate here. Brewer has pled facts from which he can plausibly argue that, exercising reasonable diligence, he learned that Money Mailer had misrepresented facts regarding the sustainability of the large franchise model, had misrepresented its intentions regarding credits, buy backs, and/or debt forgiveness, and was overcharging for printing services (among other things)[3] long after the parties signed the Franchise Agreement in 2011 and within the applicable limitations periods. Brewer cannot be faulted for initially assuming that Money Mailer would follow the law. The allegations of the amended counter/crossclaims do not foreclose the possibility that the limitations periods were tolled.

**B. Declaratory Judgment**

To the extent Brewer's declaratory judgment cause of action simply seeks a declaration

---

[2] This matter can be resolved on the papers submitted. The parties' requests for oral argument are DENIED.

[3] The fact that Money Mailer disclosed how much it was going to charge for printing services in its offering materials does not establish its statute of limitations defense. Brewer's claims regarding printing costs arise from the fact that Money Mailer charged him far more for printing services than it was paying, creating a hidden profit center within the franchise relationship. This disparity was not disclosed in the offering materials.

ORDER GRANTING IN PART MONEY MAILER'S
MOTION TO DISMISS COUNTER/CROSSCLAIMS - 3

that Money Mailer is liable under other statutory or common law theories, it is duplicative and would serve no purpose in this litigation. However, Brewer also seeks a declaration regarding the validity and enforceability of the myriad agreements he negotiated with MMFC and/or MMLLC, including the Franchise Agreement. That relief is not necessarily duplicative of that which is available through the other causes of action and has the potential to resolve on-going disputes regarding Brewer's debts and the parties' obligations under those agreements. This cause of action will not be dismissed.

**C. Breach of the Franchise Agreement**

Brewer's sixth cause of action states that Money Mailer breached "the Franchise Agreement, amendments thereto, and related agreements." Dkt. # 139 at ¶ 8.2. He has not, however, identified any provision of the Franchise Agreement that was breached. To the extent he is arguing that Money Mailer misrepresented the financial viability of the large franchise model or temporarily boosted the franchise's income to make it appear profitable and induce Brewer to sign the Franchise Agreement, those facts may give rise to other causes of action, but they do not establish a breach of the contract terms.

Brewer has adequately alleged breaches of subsequent agreements modifying the initial arrangement between the parties, however, including agreements to work together as a team to resolve the problems Brewer was facing, promises to transfer zones, reduce Brewer's debt, and/or credit Brewer's account, and a management agreement.[4]

**D. Civil Conspiracy**

"To state a claim for conspiracy, a plaintiff must plead (1) that two or more people combined to accomplish an unlawful purpose, or that they combined to accomplish a lawful purpose by unlawful means; and (2) that they entered into an agreement to accomplish the

---

[4] Brewer asserts separate causes of action related to an agreement reached in March 2013, a consulting fee agreement, and violations of the Purchase Agreement through which Brewer obtained customer lists.

ORDER GRANTING IN PART MONEY MAILER'S
MOTION TO DISMISS COUNTER/CROSSCLAIMS - 4

conspiracy." Perkumpulan Inv'r Crisis Ctr. Dressel--WBG v. Regal Fin. Bancorp, Inc., 781 F. Supp.2d 1098, 1116 (W.D. Wash. 2011). It is undisputed that MMFC and MMLLC are separate legal entities. Brewer alleges that the two companies, through their overlapping owners, officers, and directors, agreed on a scheme to negotiate and charge printing, production, mailing, freight, and delivery fees that were well above the actual cost of the services provided in order to create a secret profit center within the franchise relationship. The Court finds that Brewer has adequately alleged each of the elements of a civil conspiracy.

MMFC and MMLLC argue that they are not two separate legal "persons" under Washington law. In the context of this motion to dismiss, the Court accepts Brewer's allegations as true. If MMFC and MMLLC intend to contradict those allegations, the issue can be raised in a summary judgment motion. Their argument seems to be that, because Brewer alleges that they abused the corporate form to such an extent that MMFC and MMLLC should both be considered the franchisor for purposes of FIPA, they cease to be separate legal entities capable of conspiring with each other. No persuasive authority is offered in support of this argument. The three cases cited by MMFC and MMLLC (Dkt. # 140 at 15) are distinguishable in that they involve either a Sherman Antitrust claim or an alleged conspiracy between an individual/corporation and its wholly-owned subsidiary. According to the franchise disclosure statement given to Brewer, MMFC and MMLLC are sister companies. If, as Brewer alleges, the companies conspired to create and hide unlawful profit centers to the detriment of MMFC's franchisees, there does not appear to be any rule of law or equity that would preclude a civil conspiracy claim.

**E. Aiding and Abetting**

Brewer alleges that MMLLC aided and abetted MMFC's tortious conduct based on the same acts that underlie the civil conspiracy claim. This claim may proceed.

**F. Unjust Enrichment**

Brewer alleges that Money Mailer overcharged him for all sorts of services, collecting

1 and keeping monies to which it was not entitled. He has adequately stated a claim for unjust enrichment related to these charges. If Brewer intends to pursue an unjust enrichment claim related to any other conduct (such as Money Mailer's acquisition of customer lists), he must amend the answer to make that intention clear.

**G. Claims Against Individual Defendants**

Brewer alleges that the individual defendants are owners, officers, and/or directors of both MMFC and MMLLC, that they, working through the corporate entities, "negotiated" charges for mandatory services such that the corporations would make undisclosed profits from franchisees, that they provided materially misleading information and documents related to the original Franchise Agreement, and that they misrepresented subsequent proposals and opportunities to induce Brewer to incur more debt in a fruitless effort to make the franchise profitable and/or to avoid termination of the franchise. To the extent the individual defendants personally participated in wrongdoing, they can be held liable for their actions even if those actions were taken on behalf of the corporate entities and in the scope of their employment. Johnson v. Harrigan-Peach Land Dev. Co., 79 Wn.2d 745, 751-52 (1971).

//

//

//

//

For all of the foregoing reasons, Money Mailer's motion to dismiss claims as barred by the statutes of limitation and/or for failure to state a claim upon which relief can be granted is GRANTED in part and DENIED in part. If Brewer intends to assert a breach of contract claim related to the Franchise Agreement, he must, within fourteen days of the date of this order, amend his counter/crossclaims to identify the provision of the Franchise Agreement that was breached. If Brewer intends to assert an unjust enrichment claim based on any conduct other than the overcharges for printing and other services, he must, within fourteen days of the date of this order, amend his counter/crossclaims to identify the benefits Money Mailer received and any other facts necessary to prove that it would be unjust to allow Money Mailer to retain the benefits. The counter/crossclaims may proceed in all other respects.

Dated this 23rd day of April, 2018.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge