The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONEY MAILER, LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>WADE G. BREWER,<br><br>       Defendant.  | NO. 2:15-cv-01215-RSL<br><br>COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES<br><br>NOTED ON MOTION CALENDAR:<br>**Friday, June 1, 2018.** |
| WADE G. BREWER,<br><br>       Counterclaim Plaintiff<br><br>   v.<br><br>MONEY MAILER, LLC and MONEY MAILER FRANCHISE CORP, a Delaware corporation, GARY M. MULLOY, individually and on behalf of his marital community; JOHN PATINELLA, individually and on behalf of his marital community; JOSEPH J. CRACIUN, individually and on behalf of his marital community; and RYAN CARR, individually and on behalf of his marital community,<br><br>       Counterclaim Defendants. | |

COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 1
(2:15-cv-01215-RSL )

6483708.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 16(b)(4); Local Rule 16(b)(5), Counterclaim Plaintiff Wade Brewer ("Brewer") respectfully requests a short (approximately three month) continuance of the trial date and associated deadlines in order to complete discovery, which to this date has been significantly frustrated. Counterclaim Defendants Money Mailer Franchise Corporation and Money Mailer, LLC (together "Money Mailer") indicated in a recent Fed. R. Civ. P. 37 conference that they intend to continue to supplement discovery. Indeed, as recently as today, May 24, 2018, Money Mailer served approximately 49,000 additional pages, on top of the approximately 22,000 additional pages on May 18, 2018. Money Mailer advised they would be supplementing their responses further this week and in the indefinite future. In fact correspondence from Money Mailer's counsel on May 23, 2018 continued to promise indefinite amounts and timing of further productions of documents.

The current expert disclosure deadline is May 31, 2018, close of discovery is June 30, 2018. The documents just now disclosed for the first time and still to be disclosed include materials which experts must review for their opinions regarding freight costs, markups and systemic issues with the Money Mailer franchise sold to Brewer. The documents produced must be both provided to the experts in this matter as well as reviewed and coded for prior to depositions being taken. Additionally, until such time as all the documents are produced, it is unlikely that party depositions can properly be taken and/or those of third party witnesses.

Further, despite a request for available deposition dates of counterclaim defendants Gary Mulloy, John Patinella, Joseph Craciun, Ryan Carr, and Dale Martin and a Fed. R. Civ. P. 30(b)(6) deposition of each Money Mailer entity pending since May 4, 2018, no dates have yet been provided. Although again, if forced to depose these witnesses without full disclosure of documents, Brewer will likely suffer severe prejudice.

COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 2
(2:15-cv-01215-RSL )

6483708.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## II. **FACTS**

**A.** <u>Procedural History</u>

This suit was originally filed by MMLLC on July 31, 2015. MMLLC then filed an amended complaint on August 20, 2015.[1] On September 17, 2015 Brewer answered and counterclaimed against MMLLC and MMFC.[2]

On October 22, 2015, MMFC filed a motion for summary judgment to dismiss all claims against it.[3] On November 11, 2015, Brewer filed a prophylactic motion to compel arbitration in order to keep the claims against both entities in the same forum.[4]

Brewer served discovery on March 18, **_2016_**.[5] Money Mailer objected to responding to any discovery while the motions were pending and two years later full production of responsive documents has still not been had.

On April 6, 2016, the Court heard oral argument on the pending motions.[6] On April 8, 2016 the Court entered an order denying MMFC's motion for summary judgment and Brewer's prophylactic motion to compel arbitration.[7]

On April 15, 2016, MMFC filed a motion for reconsideration on this Court's Order.[8]

On June 2, 2016, Brewer filed a motion to compel discovery, as no responses had been received.[9] Money Mailer filed a motion for protective order on June 9, 2016.

On November 15, 2016 the Court entered an order granting in part and denying in part MMFC's Motion for reconsiderations, denying without prejudice Brewer's motion to compel

---

[1] Dkt. #1.
[2] Dkt. #9.
[3] Dkt. #20.
[4] Dkt. #29.
[5] Dkt. #60, Declaration of Daniel J. Velloth, at Ex. 1.
[6] Dkt. #46.
[7] Dkt. #47.
[8] Dkt. #49.
[9] Dkt. #59.

COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 3
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6483708.1

and denying as moot Money Mailer's motion for protective order.[10] The scope of the case was limited to the issues surrounding MMFC's participation in the case, or whether arbitration would be properly compelled. Discovery was limited, and Brewer's requests remained unanswered.

On February 27, 2017, MMFC filed a motion for summary judgment or to compel arbitration and to stay proceedings.[11] On July 17, 2017, this Court denied MMFC's motion and discovery on the merits commenced.[12]

**B.**     Discovery on the Merits Commences

In August 2017 Money Mailer delivered approximately 3700 pages of documents.[13] Then in September 2017, Money Mailer made its first substantial production in response to Brewer's requests related to his asserted counterclaims. That production encompassed Bates numbers MM 00001 – 52805. While a few specific examples of documents responsive to specific requests were identified, the documents were not produced in the ordinary course of business, or with the file hierarchies, nor were the search terms employed to locate the documents disclosed.[14] In other words, the production was largely an electronic document blizzard.

On October 26, 2017, Brewer filed a motion for partial summary judgment based in part on those documents. Oral argument is scheduled for June 7, 2018.

---

[10] Dkt. #74.
[11] Dkt. #81.
[12] Dkt. #103.
[13] Basing the page count on the Bates ranges at issue severely underestimates the volume because many of the documents are native excel sheets which can contain hundreds to sometimes thousands of pages, but only account for a single Bates number of the production. *See e.g.*, Garner Decl., ¶5, identifying: MM 003574, which, if printed would comprise over 25,000 pages, by itself; MM044375, comprising approximately 2,740 pages, and MM 062770, comprising approximately 3,420 pages. There are approximately 3,285 Excel spreadsheets in native format in the production – not including today's production.
[14] Declaration of Mary Garner, at ¶4.

COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 4
(2:15-cv-01215-RSL )

6483708.1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    Brewer propounded further discovery on February 21, 2018.  Brewer followed up on
2 identified deficiencies in those responses on May 1, 2018.[15]  Money Mailer provided
3 approximately six thousand more records on May 11, 2018.  The documents were not
4 identified as responsive to any specific request.[16]

5    The parties engaged in a telephonic meet and confer on May 17, 2018.  On May 18,
6 2018 Money Mailer supplemented its production with approximately 22,000 further "pages."
7 Again none of these tens of thousands of pages were identified as responsive to any specific
8 request by Brewer.  No search terms or methodology employed to select the documents was
9 disclosed.[17]  The blizzard is still ongoing and Money Mailer has promised untold more
10 documents on unspecified dates.[18]

11    The current expert report deadline is May 31, 2018.

12    Brewer raised the issue of the impending deadline, Money Mailer's voluminous
13 production, and Money Mailer's still forthcoming planned productions in correspondence
14 seeking stipulation to obtain relief from the impending deadlines, and briefly continue trial.[19]
15 Brewer cited, in part, the need for his retained experts to have time to review relevant records
16 and incorporate them into their opinions.

17    Just yesterday, in a May 23, 2018 letter. Money Mailer refused to stipulate claiming
18 essentially that these documents should not impact the experts' opinions and representing that
19 many of the documents in the newest production include Brewer as a sender or recipient.[20]
20 Yet, Money Mailer then confirms it intends to further supplement with more unknown number

---

[15] Declaration of Daniel A. Brown "Brown Decl."), Ex. A.
[16] Brown Decl., Ex. B.
[17] Dkt. #42 (Agreement re Discovery of Electronically Stored Information)
[18] For these reasons and others, Brewer will also be filing a motion to compel shortly in this matter.
[19] Brown Decl., Ex. D.
[20] Brown Decl., Ex. E.

COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 5
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6483708.1

of documents and unspecified pages, possibly later this week, and based on the correspondence even that production will not complete Money Mailer's production of responsive documents:

> We have been searching for additional documents pursuant to our meet and confer last week, we have made a supplemental production, and we will further supplement our production this week. We will also continue to search for documents outlined below and will produce responsive documents if and when we discover them.
>
> […]
>
> We are currently looking for internal documents …We will continue to provide these supplemental productions as we find responsive documents if that will complete its production to the pending requests.

Brewer is not inclined (and certainly not required) to take Money Mailer's word for what is contained in the documents and whether or not that is material or not to his retained experts.

Following that communication, today at 4:14 pm, Money Mailer served an additional supplemental production with approximately **49,000 more** "pages" of documents based on the reported Bates range.[21] Again without identifying what documents are responsive to which requests. Four business days before expert reports are due.

Further, on May 4, 2018, Brewer requested deposition dates for Money Mailers' witnesses (counterclaim defendants) but has yet to receive any dates whatsoever, other than a general timeframe of late June during the discovery conference with counsel.[22] Since then, no further information has been forthcoming. Instead, in its most recent correspondence Money Mailer appears willing to extend the depositions into July, but not continue any other dates. This is a deviation from this Court's issued case schedule and further does not address the substantial prejudice to Brewer in preparing his experts or even taking depositions without the

---

[21] Brown Decl., Ex. F.
[22] Brown Decl., ¶4.

COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 6
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6483708.1

world of documents produced by Money Mailer in a way that Brewer can actually use and locate.

Because Brewer is entitled to provide the information disclosed by Money Mailer to his experts in order to inform their opinions he requests a short three month extension of the expert disclosure deadline, discovery cutoff, trial date and associated deadlines to allow ample time for his experts to review the materials Money Mailer has recently and apparently will still produce in the future.  This extension will also permit depositions to follow the full and complete disclosure of documents in this matter and help avoid motion practice to compel dates for depositions.

### III.  ARGUMENT AND AUTHORITY

A court may modify a schedule for good cause. Fed. R. Civ. P. 16(b)(4). Continuing pretrial and trial dates is within the discretion of the trial judge. *See King v. State of California*, 784 F.2d 910, 912 (9th Cir. 1986). The "good cause" standard "primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992).  Good cause for the short continuance requested exists here.

Here, Money Mailer disclosed nearly ***77,000*** additional pages of documents in the month of May, despite discovery requests pending, in some instances for two years prior.  The latest discovery responses were due before the end of March.  When the discovery responses were received they were not categorized by response to a specific RFP, search terms and methodology were not described, and the documents were certainly not produced as materials were kept in the ordinary course of business (with intact file hierarchies and paths or

COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 7
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6483708.1

1  identification of categories of documents within the production).[23]  While it is true that Money
2  Mailer produced a substantial amount of materials, Money Mailer is apparently unwilling to
3  allow Brewer the opportunity to review those materials and provide them to his experts so that
4  they may rely upon them to provide opinions.

5  Money Mailer made a further production on May 18, 2018 of over 22,000 pages of new
6  materials and, just today, produced over 49,000 additional pages.  Brewer moved for the
7  adjustment of the operative deadlines to be heard on the first date available after that
8  production.  Hearing on his motion is set the day after the current expert disclosure deadline.
9  Brewer could not have moved any swifter to obtain relief from the deadlines facing him.

10  Good cause exists to for relief from the deadlines and continuance of the case schedule
11  exists here for at least two reasons:  (1) the pending summary judgment motions (with
12  argument scheduled for June 7, 2018) stand to limit the issues for trial and focus the dispute, as
13  well as narrow the extent of expert witness testimony and; (2) the continued late production of
14  responsive documents on the eve of expert report and disclosure deadlines substantially
15  prejudices Brewer's ability to prepare his experts.  Moreover, without the extension sought the
16  experts would be subject to impeachment at deposition and at trial based on their inability to
17  review materials which have just very recently or not yet been received prior to reporting on
18  their opinions.

19  Good cause further exists because additional rounds of dispositive motions will likely
20  follow the first round of motions currently pending before the Court. Although "failure to
21  complete discovery within the time allowed" does not constitute good cause, that is not the
22  issue in this instance.  Brewer issued discovery promptly, spent considerable time and
23  resources reviewing documents and identifying deficiencies.  Yet, the production of

---

[23] Declaration of Mary Garner, ¶4.

COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR
A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED
DEADLINES - 8
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6483708.1

voluminous materials on the eve of expert reports thwarted those efforts.  An extension of the case schedule would allow follow up targeted discovery, and conserve both party and judicial resources, which itself may constitute good cause.

### IV.  CONCLUSION

A short (approximately three month) continuance of trial and related dates, including the expert disclosure and report deadline is warranted here, given the recent disclosure of tens of thousands of pages of documents long ago requested, as well as the apparent expectation that further responsive documents are forthcoming.

DATED this 24th day of May, 2018.

> s/ Daniel A. Brown
> s/Daniel J. Velloth
> Daniel A. Brown, WSBA #22028
> Daniel J. Velloth, WSBA #44379
> Adam Rosenberg, WSBA #39256
> Attorneys for Defendant Wade G. Brewer
> WILLIAMS, KASTNER & GIBBS PLLC
> 601 Union Street, Suite 4100
> Seattle, WA 98101-2380
> Telephone:  (206) 628-6600
> Fax:  (206) 628-6611
> dbrown@williamskastner.com
> dvelloth@williamskastner.com
> arosenberg@williamskastner.com

COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 9
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6483708.1

DECLARATION OF SERVICE

I hereby certify that on May 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brian Janura    janura.brian@dorsey.com, slavik.jackie@dorsey.com

Daniel Velloth    dvelloth@williamskastner.com, dlevitin@williamskastner.com, mphilomeno@williamskastner.com

Daniel Andrew Brown    dbrown@williamskastner.com, dbulis@williamskastner.com

Leslie Schwaebe Akins    lsa@stockmarketlaw.com

Nathan Thomas Alexander    alexander.nathan@dorsey.com, johnston.natasha@dorsey.com

DATED this 24th day of May, 2018.

> s/Daniel A. Brown
> s/Daniel J. Velloth
> Daniel A. Brown, WSBA #22028
> Daniel J. Velloth, WSBA #44379
> Attorneys for Defendant Wade G. Brewer
> WILLIAMS, KASTNER & GIBBS PLLC
> 601 Union Street, Suite 4100
> Seattle, WA 98101-2380
> Telephone: (206) 628-6600
> Fax: (206) 628-6611
> dbrown@williamskastner.com
> dvelloth@williamskastner.com

COUNTERCLAIM PLAINTIFF WADE BREWER'S MOTION FOR A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 10
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6483708.1