THE HONORABLE ROBERT S. LASNIK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Money Mailer, LLC,<br><br>    Plaintiff,<br><br> vs.<br><br>Wade G. Brewer,<br><br>    Defendant. | CAUSE NO. 2:15-CV-01215-RSL<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANTS' RESPONSE TO BREWER'S MOTION FOR CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES**<br><br>**Note on Motion Calendar:<br>June 1, 2018** |
| WADE G. BREWER,<br><br>    Counterclaim Plaintiff<br><br> vs.<br><br>MONEY MAILER, LLC and MONEY MAILER FRANCHISE CORP, a Delaware corporation, GARY M. MULLOY, individually and on behalf of his marital community; JOHN PATINELLA, individually and on behalf of his marital community; JOSEPH J. CRACIUN, individually and on behalf of his marital community; AND RYAN CARR, individually and on behalf of his marital community<br><br>    Counterclaim Defendants. | |

Money Mailer's Response to Motion for Continuance - 1
2:15-cv-01215-RSL

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I. INTRODUCTION AND STATEMENT OF FACTS

The deadline for parties to submit expert reports in this action is tomorrow, May 31. Dkt. 150. Just last month, the date for expert reports was extended for an additional 57 days. *Id*. However, Defendant Wade G. Brewer ("Brewer") does not intend to with this court ordered deadline. Dkt. 157. Instead, he waited until one week before the deadline before requesting this Court to continue discovery for an additional three months – a case that has been going on now for three years. *Id*. Brewer attempts to justify blowing through this deadline by blaming Plaintiff and Counterclaim Defendants (collectively "Money Mailer") for Brewer's own lack of diligence. The reality is that Brewer has been in possession of the documents he claims his experts need to review for well over eight months now, and even Money Mailer's latest productions are made up of documents where Brewer was the author or recipient of the email – meaning the documents should have been in Brewer's possession, custody and control, and should have been produced by Brewer. *See* Dkt. 157, p. 3:9-11; Decl. of N. Alexander, ¶¶ 2-3.[1] As a result, Brewer cannot show that any Money Mailer conduct caused his purported inability to file a timely expert report or conduct any other discovery, and his motion to extend the deadlines in this case should be denied.

<u>Litigation and Discovery History</u>

In June 2011, Brewer became a Money Mailer franchisee. Dkt. 22-4, p. 62, Dkt. 22-5, p. 31 (Franchise Agreement). After becoming a franchisee, Brewer's sales began to fall and he started to miss payments to MMLLC. Dkt. 22, ¶¶ 12-15. Despite declining sales and increasing debt, he remained a franchisee until he was terminated on August 4, 2015. Dkt. 22, ¶ 16. Brewer remained a franchisee even after receiving MMFC's May 29, 2015 notice of default under the Franchise Agreement, and a demand to cure the default by paying $800,000, a fraction of Mr. Brewer's combined total outstanding debts of nearly $1,700,000. Dkt. 22, ¶ 15; Dkt. 30-1, p. 10-

---

[1] Money Mailer produced these documents after Brewer, for the first time, issued discovery requests (his *third* set) that called for them. Brewer issued these requests at the end of February 2018; the documents are not responsive to Brewer's earlier discovery served on March 18, 2016.

Money Mailer's Response to Motion for Continuance - 2
2:15-cv-01215-RSL

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

18. No cure was provided, and on July 31, 2015, MMLLC filed its Complaint in the District Court for breach of contract and money due and owing. *See* Dkt. 1, p. 5-6.

On September 17, 2015, Brewer filed a litany of counterclaims against Money Mailer. Dkt. 12; Dkt. 117, p. 2. Money Mailer Franchise Corp moved for summary judgment to dismiss these claims. Dkt. 20. This motion was denied by the Court but a motion for reconsideration was granted in part. Dkt. 47, 74. Brewer repeatedly claims that Money Mailer refused to respond to Brewer's discovery issued while these motions were being decided, forcing a Motion to Compel. Dkt. 117, p. 5. However, Brewer's Motion to Compel, which he likens to a catalyst of discovery, was denied in November 2016. Dkt. 74, p. 9.

Only after the Court's subsequent arbitration ruling in July 27, 2017 did Brewer renew his discovery requests. Dkt. 117, p. 5. In response, Defendants promptly produced tens of thousands of pages of documents in September of 2017, once discovery resumed. *Id*. Brewer knows this, of course, but chooses instead to mischaracterize the length between serving his discovery on March 18, 2016, and Money Mailer's production as an intentional "frustration" of discovery. Dkt. 157, p. 2. Brewer previously conceded that substantive discovery only began in the fall of last year (Dkt. 117, p. 5), but now when he is scrambling for an excuse to extend discovery dates, he claims that the requests have been pending "in some instances for two years prior." Dkt. 157, p. 7. That is simply not true. The documents produced in September 2017 – over eight months ago – included information on printing, freight, shipping, and postage costs that Brewer's expert supposedly needs to create his report. Dkt. 158, p. 28; Dkt 157, p. 2.

Instead of diligently reviewing the thousands of pages relating to pricing produced back in September for his expert report, Brewer makes the unsubstantiated and incorrect claim that documents produced in May contain never-before-seen information required by his experts. Dkt. 157, p. 2. Brewer emphasizes how many pages of documents were produced, but he fails to describe *what* was produced – all emails and attachments in which *Brewer was the sender or*

Money Mailer's Response to Motion for Continuance - 3
2:15-cv-01215-RSL

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

*recipient*. Decl. of N. Alexander, ¶¶ 2-3. These emails, which made up Money Mailer's most recent productions, are responsive not to Brewer's discovery served on March 18, 2016, but to his third set of requests for production served on February 21, 2018. *Id*. The so-called "blizzard" of documents are all documents that Brewer himself should have been in possession of *years before* they were produced. Further, these emails should have been produced *by Brewer* in response to Money Mailer's discovery requests. However, Brewer's productions to date have been so Spartan and meager that Money Mailer has had to go looking for documents from other sources.[2] *Id*., at ¶¶ 4-5. Furthermore, documents discussing freight, alleged markups, or systemic issues were produced to Brewer eight months prior to this Motion.

## II.   ARGUMENT AND AUTHORITY

Fed. R. Civ. P. 16(b) states that the parties are bound by the dates set forth in the scheduling order which may only be modified for good cause. In general, the scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id*. (internal quotations omitted). Local Rule 16(b)(5) goes on to emphasis that "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Here, Brewer has not shown good cause for an extension of his expert report.

The facts show that Brewer simply sat for more than eight months on the documents provided to him before scrambling for additional time and misrepresenting the facts so that it

---

[2] Brewer's failure to provide responsive and relevant documents relating to his search for comparable printing prices, his expenditures of franchise money on personal expenses and related businesses, and his employees working for other Brewer owned businesses while being paid by the Money Mailer franchise, forced Money Mailer to send subpoenas to six different third-parties. Decl. of N. Alexander, ¶ 4. Brewer's attorneys have since claimed they represent five of the subpoena recipients, and have so far refused to produce any requested documents. *Id*. at ¶ 5.

Money Mailer's Response to Motion for Continuance - 4
2:15-cv-01215-RSL

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

appears Money Mailer is to blame.  Brewer has not established that he was diligent in submitting his expert report, or that Money Mailer's actions prejudiced him in any way.

<u>Brewer's Mischaracterization of Money Mailer's Comprehensive Responses to Discovery</u>

As mentioned above, Money Mailer has complied with its discovery obligations in this case and has, in fact, provided Brewer with precisely the documents he claims his expert needs over eight months ago.  That production, which was served on Brewer on September 18, 2017, contained freight charges on a per-truck basis, printing charges and prices, shipping and postage price lists, in addition to detailed costs sheets for each of Brewer's mailings.  Dkt. 158, p. 28; *see also* Dkt. 106.  Brewer has not shown why these documents (produced last year) are insufficient to allow his experts to issue their reports, or even what his experts are opining on.  Brewer only states that he needs experts "to review relevant records and incorporate them into their opinions." Dkt. 157, p. 5.

Nor has Brewer explained how any of the documents produced this month would be used in his unexplained expert reports.  Even if this month's productions could be used by his experts, Brewer himself was the custodian of these emails.[3]  *See* Dkt. 157, p. 2.

Further, Brewer mischaracterized the format of Money Mailer's production.  He claims, without any factual or evidentiary support, that Money Mailer's documents were not produced in the ordinary course of business.  Dkt. 157, p. 4; Dkt. 159, ¶ 4.  This is not true.  Money Mailer produced its documents as kept in the ordinary course.  Decl. of R. Luckett, ¶¶ 2-3.  And Money Mailer produced documents in compliance with the ESI order in this case.  As just one example, the Excel spreadsheets Brewer complains about were produced natively in Excel format, just as they were attached to the emails used by Money Mailer custodians.  *Id*.  Further, Money Mailer provided comprehensive and detailed metadata with its productions including document title,

---

[3] Brewer is the sender or recipient of not just "many of the documents" Money Mailer produced this month (Dkt. 157, p. 5), but *every* document produced by Money Mailer this month.  Dkt 158, p. 29; Decl. of N. Alexander, ¶ 3.

Money Mailer's Response to Motion for Continuance - 5
2:15-cv-01215-RSL

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

document type, document date, meta file path, document description, subject line, custodian, sender, recipient, and file size. *Id*., ¶¶ 3-4. In addition, these documents were produced as Tiffs, Natives, OCR, and Loadfiles. *Id*., ¶ 3. In contrast, more than three quarters of Brewer's meager productions lacked *any* of these original metadata fields. *Id*., ¶ 5. Also incorrect is Brewer's claim that no search terms were run. *Id*., ¶ 6. In short, Brewer's criticism of Money Mailer's production is unfounded and, in light of his own deficient productions, hypocritical.[4]

Brewer's misrepresentation regarding Money Mailer's production of documents in September of last year pursuant to his first and second requests for production, and his misrepresentations regarding Money Mailer's production or Brewer's emails this month pursuant to Brewer's third requests for documents, show that Brewer either did not undertake a diligent review of Money Mailer's productions[5] or that he is simply trying to cast blame for missing the deadline to submit expert reports.

Even if Brewer's allegations were true, he still fails to show that he diligently reviewed the documents he had, requested supplementations in a sensible manner, or requested an extension of the discovery deadlines in any reasonable amount of time. Instead, Brewer waited until a week before his expert report was due to bring this Motion, and he only raised an extension with Money Mailer shortly before filing this Motion. *See* Brown Decl., Ex. D, Dkt. 158, p. 22. The fact that the parties are still producing documents is not by itself good cause for an extension of Brewer's expert deadline, as the parties anticipated that discovery would continue for a month beyond the deadline to submit expert reports (Dkt. 150), and Brewer himself served even more discovery on Money Mailer, his fourth requests for production, just last Friday. Alexander Decl., ¶ 6.

---

[4] Brewer's complaint that Money Mailer did not designate which requests documents were produced in response to is also surprising, as Brewer never indicated such on his production. Decl. of R. Luckett, ¶ 5. Additionally, all Money Mailer's productions this month were responsive to Brewer's extremely broad request for effectively every document that mentions his name. Alexander Decl. ¶¶ 2-3.

[5] Brewer repeatedly relied on Money Mailer to describe the contents of its productions instead of reviewing those documents himself.

Money Mailer's Response to Motion for Continuance - 6
2:15-cv-01215-RSL

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Brewer is not prejudiced because Money Mailer's May productions were of documents he had previously received or generated, because he already had documents on freight, shipping, postage, and printing costs over eight months ago, and because he even fails to show what his experts will opine on. With reasonable diligence, Brewer could have submitted his report on time, but he failed to do so and has failed to establish that Money Mailer's actions caused his failure or currently prejudice him.

Also, Brewer's complaint concerning dates for Money Mailer witnesses is irrelevant to this motion, but even if it was, the facts are again misrepresented. Brewer has yet to notice a single deposition and he never requested that any deposition take place prior to May 31. *Id*., at 8. Money Mailer also said that its witnesses would be available in late June, before the close of discovery. *Id*., at 8. Since Brewer has failed to note a deposition, or ever once insist on a deposition before the expert deadline, he cannot claim prejudice by not taking Money Mailer's depositions, because he hasn't been remotely diligent in requesting that they take place before the expert deadline. Again, Brewer's complaints over deposition dates are hypocritical because he has failed to provide dates for his own deposition even though Money Mailer served a notice of deposition of Wade Brewer to take place on June 7, 2018. *Id*., at 7. Brewer stated that date did not work, and offered June 22 as the sole alternate date, and failed to respond to repeated requests to provide additional dates. *Id*., at 7.

Money Mailer also subpoenaed several third-parties for documents and deposition in order to obtain information that Brewer is refusing to disclose. *Id*., at 4-5. Brewer's counsel indicated that they represent virtually all of these third-parties and have so far failed to provide any documents or dates for depositions. *Id*. Since the parties are still negotiating deposition dates, Money Mailer proposed that discovery be extended into July for depositions, but Brewer apparently rejected that proposal because he ignored Money Mailer's suggestion, and instead filed this Motion. Dkt. 158, p. 29.

Money Mailer's Response to Motion for Continuance - 7
2:15-cv-01215-RSL

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### III.  CONCLUSION

Brewer's Motion is intended to smear Money Mailer and place blame on it for Brewer's own failure to diligently review the documents provided to him and submit an expert report. He has failed to show good cause that the Court's scheduling order be extended at the eleventh hour, because there is simply nothing Money Mailer has done to prejudice his ability to submit his expert report, obtain responsive documents, or take party depositions. For these reasons, Money Mailer respectfully requests that this Court deny Brewer's Motion for an extension of discovery and trial dates.

Respectfully Submitted this 30th day of May, 2018

**DORSEY & WHITNEY LLP**

*/s/Nathan T. Alexander*
*/s/Brian Janura*
NATHAN T. ALEXANDER WSBA #37040
BRIAN JANURA WSBA #50213
Dorsey & Whitney LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
P: (206) 903-8800
E: ALEXANDER.NATHAN@DORSEY.COM
E: JANURA.BRIAN@DORSEY.COM

*Counsel for Plaintiff and Counterclaim Defendants Money Mailer LLC and Money Mailer Franchise Corp*

Money Mailer's Response to Motion for Continuance - 8
2:15-cv-01215-RSL

DORSEY & WHITNEY LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

| | |
|---|---|
| Daniel J. Velloth, WSBA #44379<br>Daniel A. Brown, WSBA #22028<br>Adam Rosenberg, WSBA #39256<br>**WILLIAMS, KASTNER & GIBBS PLLC**<br>601 Union Street, Suite 4100<br>Seattle, WA 98101-2380<br>T: (206) 628-6600<br>F: (206) 628-6611<br>E: dvelloth@williamskastner.com<br>   dbrown@williamskastner.com<br>   arosenberg@williamskastner.com<br>   MPhilomeno@williamskastner.com<br>   dbulis@williamskastner.com<br>   dlvitin@williamskastner.com<br>*Attorneys for Defendant Wade G. Brewer* | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |
| Leslie Schwaebe Akins CA Bar No. 138678<br>**LESLIE SCHWAEBE AKINS**,<br>A Law Corporation<br>5927 Balfour Court, Ste. 114<br>Carlsbad, California 92008<br>T: (760) 931-2920<br>F: (760) 603-0547<br>E: lsa@stockmarketlaw.com | ☐ Via Messenger<br>☐ Via Facsimile<br>☐ Via U.S. Mail<br>☐ Via Electronic Mail<br>☒ Via ECF Notification |

Dated this 30th day of May, 2018.

/s/Natasha Johnston
Natasha Johnston, Legal Assistant

Money Mailer's Response to Motion for Continuance - 9
2:15-cv-01215-RSL

**DORSEY & WHITNEY LLP**
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820