The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONEY MAILER, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>WADE G. BREWER,<br><br>   Defendant. | NO. 2:15-cv-01215-RSL<br><br>COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES<br><br>NOTED ON MOTIONS CALENDAR:<br>**FRIDAY, JUNE 1, 2018** |
| WADE G. BREWER,<br><br>   Counterclaim Plaintiff<br><br> v.<br><br>MONEY MAILER, LLC and MONEY MAILER FRANCHISE CORP, a Delaware corporation, GARY M. MULLOY, individually and on behalf of his marital community; JOHN PATINELLA, individually and on behalf of his marital community; JOSEPH J. CRACIUN, individually and on behalf of his marital community; and RYAN CARR, individually and on behalf of his marital community,<br><br>   Counterclaim Defendants. | |

COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - i
(2:15-cv-01215-RSL )

6502097.3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## Table of Contents

I. INTRODUCTION ..................................................................................................... 1

II. MONEY MAILER'S DOCUMENT DUMP WAS NOT "HARMLESS" ............................................................................................................. 1

    A. Money Mailer's Claim Is Impossible to Verify In Less Than A Week ............................................................................................................ 2

    B. Money Mailer Is Legally Wrong ........................................................... 3

    C. Money Mailer Is Wrong as a Matter of Fundamental Fairness ..................... 4

III. "ETC" IS NOT AN ADEQUATE RESPONSE TO DISCOVERY ........................... 4

IV. MONEY MAILER IDENTIFIES ZERO PREJUDICE ASSOCIATED WITH THE BRIEF CONTINUANCE SOUGHT ........................... 6

V. CONCLUSION ......................................................................................................... 6

COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - ii
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6502097.3

## I. INTRODUCTION

Money Mailer's response only serves to confirm that Wade Brewer's motion to continue should be granted. Money Mailer manages to spend nine pages making the same argument in various ways; effectively, "we produced tens of thousands of documents that we think Mr. Brewer probably had already [days before an important deadline]." To the extent this argument does not refute itself when said out loud, Mr. Brewer would offer the following: (1) the claim is unverifiable;[1] (2) the claim is legally wrong;[2] and (3) diligent expert preparation necessitates a *complete* review of information, regardless of where the document came from—something Money Mailer made impossible with its late-stage document dump.

What happened is undisputed; and Money Mailer's failure to offer justification, or articulate a shred of prejudice associated with the brief continuance requested, speaks for itself. The motion should be granted.

## II. MONEY MAILER'S DOCUMENT DUMP WAS NOT "HARMLESS"

With respect to the gist[3] of Money Mailer's argument, it is difficult to know where to begin. It is undisputed that there was a document dump of tens of thousands of pages[4] at the eve of the expert disclosure deadline; it is undisputed that the production was months-untimely; and Money Mailer does not even posit an excuse or justification, despite the relative simplicity

---

[1] In fact, even a close reading of Mr. Alexander's declaration makes it clear that he is *not* confirming that all of what Money Mailer produced came from Mr. Brewer's email account. Furthermore, Money Mailer has never confirmed that is done producing documents, nor that the documents that it continues to supplement include Wade Brewer. It cannot – because some of the supplements still promised include freight charges prior to 2013 (see Dkt. #158, Decl. of Brown, at Ex. E, p.28); and internal communications from Money Mailer management (*id.,* at p. 27), amongst others.
[2] *See, e.g.*, *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events*, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009) (assertion that requesting party has equal access does not excuse discovery obligations).
[3] The Court is familiar with this case and its facts. Accordingly, Money Mailer's revisionist history will not be addressed. Nor will Money Mailer's stone-throwing and various "Johnny did it, too" arguments about Brewer. *See* Fed. R. Civ. P. 26(d)(3)(B) ("discovery by one party does not require any other party to delay its discovery").
[4] The Bates numbers produced in May are the range MM 052806 – 129892. This is not even confirmed to be the entire production still remaining, nor do the bates numbers tell the whole story since many are native documents which, as pointed out in the moving papers, can encompass hundreds and sometimes many thousands of additional pages for each such bates numbered "document."

COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 1
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6502097.3

of what Money Mailer claims to have done (*i.e.*, put an email account on a disc).[5] Nor does Money Mailer dispute that it would be impossible for even the most diligent expert to review everything they produced in less than a week. So Money Mailer is reduced to arguing (repeatedly) that Mr. Brewer probably has *all* of the documents already. The argument fails for a number of reasons.

### A.   Money Mailer's Claim Is Impossible to Verify In Less Than A Week

First, and most obviously, is that Money Mailer has produced likely in excess of a million pages of materials to date. Now, just before the expert deadline it produce 72,000 bates numbers (unknown how many pages or documents but many more than that number) it clams are emails which were asked for months ago. Money Mailer does not dispute that review of the recent production would be impossible in the remaining time, instead arguing Brewer was apparently in possession of all of *these* documents. Whether this is true, it is impossible to verify based on the timing of the production. More importantly, it ignores that Money Mailer is still supplementing documents with no end in sight, some of which were asked for years ago.

And there is good reason to be concerned about the Money Mailer's representation, which it relegates to briefing. Counsel's sworn declaration, by contrast, is far less committal. Rather than state under penalty of perjury that "everything we produced was from Mr. Brewer's email account"—as the brief asserts over and over again[6]—Mr. Alexander's declaration passively states that emails "were collected" from Mr. Brewer's franchise account, and "production of these emails… were (sic) made on May 11, 18, and 24." Alexander Decl. ¶ 3. This may well be true, but it certainly does not exclude the fact that a slew of other documents (which Mr. Brewer did *not* have) are also still supposedly being produced, and now

---

[5] https://support.office.com/en-us/article/export-or-backup-email-contacts-and-calendar-to-an-outlook-pst-file-14252b52-3075-4e9b-be4e-ff9ef1068f91 (last visited May 31, 2018). As discussed below, the documents were more far-ranging than this.

[6] *See, e.g.,* Opp. at 5, n.3 ("…*every* document produced by Money Mailer this month.") (emphasis in original).

COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 2
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6502097.3

certainly after the expert disclosure deadline. The fact that Mr. Brewer had an indeterminate number of documents dumped on him, days before the expert disclosure deadline—with no justification[7]—through no fault of his own, by itself supports a brief continuance.

### B. Money Mailer Is Legally Wrong

Even if the Court were to suspend disbelief and accept that Mr. Brewer already had the recently produced information available to him, "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events*, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009); *see also St. Paul Reinsurance Co., Ltd., CNA v. Commercial Fin. Corp.,* 198 F.R.D. 508, 514 (N. D. Iowa 2000) (same); *City Consumer Servs., Inc. v. Horne*, 100 F.R.D. 740, 747 (D. Utah 1983) ("It is not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.").

In other words, even if Money Mailer were factually right and the only things left to produce and most recently produced were available to Brewer —which is not the case—it would make no difference legally. And for good reason. Mr. Brewer is not required to take Money Mailer's (dubious) word for it that his information is the same as Money Mailer's— especially when the version he just received included complex metadata. *See* Luckett Decl. Further, documents received from Money Mailer are deemed authentic and more compelling. And any event, Mr. Brewer is entitled to share complete information with his experts before they commit to final opinions, thereby foreclosing a cross examination accusing Mr. Brewer of picking and choosing.

As a matter of law, Money Mailer does not get to produce untimely discovery and derive a tactical benefit.

---

[7] Mr. Alexander admits that the discovery was propounded in February, yet not produced until May. Alexander Decl. ¶ 2-3. If these all came from a single email inbox, the several month delay would be particularly indefensible.

COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 3
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6502097.3

**C.    Money Mailer Is Wrong as a Matter of Fundamental Fairness**

Money Mailer is effectively asking Mr. Brewer (and the Court) to accept its characterization of tens of thousands of documents—sight unseen—when even Money Mailer's own attorney will not commit to that definitive position in a declaration.

There is no dispute that Mr. Brewer—who is facing a nearly two million dollar federal lawsuit, while bringing his own substantial counterclaims—should be permitted to furnish complete information to his experts. Mr. Brewer asked the right questions and asked them timely. Alexander Decl. ¶ 2. Yet for no expressed reason, Money Mailer delayed for months, and now seeks to shoehorn Mr. Brewer into presenting incomplete expert reports. This is unfair on its face.

At best, Money Mailer is simply carrying out a strategy of opposing everything as a matter of course. And at worst, these are procedural reindeer games, calculated to put Mr. Brewer at an unfair disadvantage. Regardless, the Court should disallow it.

### III.    "ETC" IS NOT AN ADEQUATE RESPONSE TO DISCOVERY

It is also telling that, despite an opportunity to confirm that *everything* responsive has been produced, Money Mailer did not avail itself to that contention. Rather, Money Mailer remains consistently evasive about what has, and has not, been produced—and whether more will be forthcoming. Obviously all responsive documents have not yet been produced.

Then, making matter worse, it refuses to identify what documents pertain to what interrogatory and request for production. When asked, for example, what documents related to certain responses, the answer was essentially, "we will provide some examples."[8] This is plainly contrary to the Civil Rules:

> Rule 34 is generally designed to facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive

---

[8] *See* Dkt. #164, Declaration of Daniel J. Velloth, ¶4. They even go so far as to use "etc." as an answer.

COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 4
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6502097.3

documents and a producing party fails to meet its Rule 34 obligations by producing a mass of undifferentiated documents for the responding party to inspect.

*Franco-Gonzalez v. Holder*, 2013 WL 8116823, at *4 (C.D. Cal. May 3, 2013) (citing *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584–85 (C.D. Cal. 2011)).  Nor is Rule 33 satisfied "by the wholesale dumping of documents." *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D. Cal.1999). A party must specify where in the records the answers can be found. *Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004).  "At a minimum, the specification must provide the category and location of the records from which the answers can be derived." *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 680 (E.D. Cal.2006).  "If the records are voluminous, the responding party must produce an index designed to guide the searcher to the documents responsive to the interrogatories." *Id*. at 681; *O'Connor*, 185 F.R.D. at 278.  "Without detailed specification by category and location of responsive documents, the burden of deriving the answers to the interrogatories is not the same for the parties; rather, it would be easier for persons employed by the defendants to locate responsive documents." *Id.* at 278.

This is, if anything, just the next step in Money Mailer's scorched earth approach to the litigation.  After failing to kill off Mr. Brewer in motions practice and forum disputes, it is now trying to bury him with this approach to discovery—in the form of un-marked, untimely document dumps (then, somehow, blaming Mr. Brewer for the problem created).  As the Court may recall, it was the objective documentation that betrayed Money Mailer's incredible FIPA and CPA violations.  Consequently, this is certainly not a case where further discovery obstruction and needle-burying should be permitted.  The parties deserve equal access to the evidence.

COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 5
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6502097.3

Money Mailer's attempt to rush Mr. Brewer into trial with partial information—while not terribly surprising—has no basis in law, fact, or equity. It should be rejected.[9]

### IV. MONEY MAILER IDENTIFIES ZERO PREJUDICE ASSOCIATED WITH THE BRIEF CONTINUANCE SOUGHT

District courts have broad discretion in deciding whether to grant or deny a request for a continuance. *U.S. v. Flynt*, 756 F.2d 1352, 1358 (1985), *amended by* 764 F.2d 675 (9th Cir. 1985). In making this decision, courts consider the extent to which a party might suffer harm as a result of a denial. *Comcast of Illinois X v. Multi–Vision Electronics, Inc*., 491 F.3d 938, 946 (9th Cir. 2007) (which must be "articulated" by the resisting party); *see also* U.S. v. 2.61 Acres of Land, 791 F.2d 666, 671 (9th Cir.1985) (outlining a four-part test for review).

Here, nothing is "articulated," let alone proven by Money Mailer. This is hardly surprising, however. Money Mailer has had no problem spending time on procedural skirmishing, baseless appeals, swapping attorneys, and opposing discovery. Indeed, virtually nothing about its conduct has been consistent with a genuine desire to try this case on the merits. Its opposition to the short continuance requested—despite a complete absence of prejudice—only serves to confirm that its substantive position lacks merit.

There is certainly good cause existing to justify a brief continuance.

### V. CONCLUSION

For the foregoing reasons, Mr. Brewer respectfully renews his request for a brief continuance.

---

[9] The same is true of Money Mailer's "no good deed goes unpunished" approach to depositions. Mr. Brewer did what all professionals in the Western District do: requested dates for party depositions. For weeks—and despite multiple requests—Money Mailer refused to provide a single one. Now they criticize Mr. Brewer for failing to unilaterally note their clients' depositions. In the past, this Court has taken a dim view of attorneys "incapable of discussing, much less agreeing upon, depositions dates and scheduling issues…" *Wilbur et al. v. City of Mount Vernon et al.*, 2:11-cv-01100 (Dkt. 43) (citing *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1263 (9th Cir. 2010) ("Our adversarial system relies on attorneys to treat each other with a high degree of civility and respect.")).

COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 6
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6502097.3

1    REPSECTFULLY SUBMITTED this 1st day of June, 2018.

s/ Daniel A. Brown
s/Daniel J. Velloth
s/Adam Rosenberg
Daniel A. Brown, WSBA #22028
Daniel J. Velloth, WSBA #44379
Adam Rosenberg, WSBA #39256
Attorneys for Defendant Wade G. Brewer
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
dbrown@williamskastner.com
dvelloth@williamskastner.com
arosenberg@williamskastner.com

COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 7
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6502097.3

DECLARATION OF SERVICE

1. I hereby certify that on May 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brian Janura     janura.brian@dorsey.com, slavik.jackie@dorsey.com

Daniel Velloth     dvelloth@williamskastner.com, dlevitin@williamskastner.com, mphilomeno@williamskastner.com

Daniel Andrew Brown     dbrown@williamskastner.com, dbulis@williamskastner.com

Leslie Schwaebe Akins     lsa@stockmarketlaw.com

Nathan Thomas Alexander     alexander.nathan@dorsey.com, johnston.natasha@dorsey.com

DATED this 1st day of June, 2018.

s/Daniel A. Brown
Daniel A. Brown, WSBA #22028
Daniel J. Velloth, WSBA #44379
Attorneys for Defendant Wade G. Brewer
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
dbrown@williamskastner.com
dvelloth@williamskastner.com

COUNTERCLAIM PLAINTIFF WADE BREWER'S REPLY IN SUPPORT OF A BRIEF CONTINUANCE OF TRIAL DATE AND RELATED DEADLINES - 8
(2:15-cv-01215-RSL )

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

6502097.3