UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONEY MAILER, LLC,

    Plaintiff,

v.

WADE G. BREWER,

    Defendant.

───────────────────────────────

WADE G. BREWER,

    Counterclaim Plaintiff,

v.

MONEY MAILER, LLC, *et al.*,

    Counterclaim Defendants.

NO. C15-1215RSL

ORDER CERTIFYING QUESTIONS
TO THE STATE SUPREME COURT

On June 28, 2018, the Court found that Money Mailer Franchise Corporation and Money Mailer, LLC (hereinafter, "Money Mailer") had marked up the charges it assessed against its franchisee, Wade G. Brewer, for printing services by over 100% without adequately disclosing the mark up. Money Mailer failed to provide evidence giving rise to a genuine issue of fact regarding either the price at which it obtained printing services or the price it charged Brewer for those services. Its argument that "printing services," when charged to Brewer, included a number of other types of goods/services and meant something other than what "printing services" meant

ORDER CERTIFYING QUESTIONS
TO THE STATE SUPREME COURT - 1

when Money Mailer paid for those services was rejected on both the facts and the law.

Money Mailer timely filed a motion for reconsideration, arguing that (1) the Court had failed to consider its evidence regarding the reasonableness of the printing prices charged to Brewer in the light most favorable to Money Mailer, (2) the Court committed manifest error when it held as a matter of law that a 100% markup on the cost of printing services was unreasonable and a violation of the Franchise Investment Protection Act ("FIPA"), and (3) new evidence has come to light showing that Brewer would likely be unable to obtain printing services on the open market for less than what Money Mailer was charging him. It also requests permission to take an interlocutory appeal of the Court's determination that a franchisor's two-fold markup on the costs of services charged to a franchisee violates FIPA as a matter of law.

Underlying all of Money Mailer's arguments is its contention that its charges for printing services were fair and reasonable because they approximate what other franchisors in the industry charge and/or what Brewer would have had to pay if he had individually contracted for the services from a third-party vendor. Money Mailer misses the point. In the circumstances presented here, the relevant inquiry is not what other franchisors are charging for similar services (other franchisors may similarly be overcharging franchisees) or even what an individual franchisee could negotiate on the open market. Money Mailer had done its own calculations regarding the costs of printing when it performed those tasks in-house and was subsequently able to purchase printing services for even less from a third-party vendor. Absent some evidence of a special discount or other indication that the price Money Market paid was not a market price, the fair and reasonable costs of the services were established by what Money Mailer was actually paying for the printing services. The undisputed evidence showed that Money Mailer was paying X for "printing services" and was charging approximately 2X to Brewer for "printing services." The Court declines to reconsider its factual conclusion that Money Mailer had marked up its costs by approximately 100% or its legal conclusion that

selling a specified service to a franchisee at more than twice what those services cost the franchisor violates FIPA's prohibition on selling "to a franchisee any product or service for more than a fair and reasonable price." RCW 19.100.180(2)(d).

To the extent Money Mailer's motion is based on its insistence that the phrase "printing services" when included on an invoice to the franchisee includes "many value-added services offered by [Money Mailer] beyond merely printing ink on paper" (Dkt. # 180 at 9), the Court again rejects that argument as unreasonable. Money Mailer is both the purchaser and seller of the services. It paid a certain amount for a set of services it designated as "printing services" and charged Brewer two times as much for what were described as "printing services." Its argument is either that it used the same term for two different things or that it failed to disclose the services Brewer was required to purchase from the franchisor by subsuming them under the label "printing services." The first argument is not supported or reasonable, and the second would likely also violate FIPA.

The Court appropriately considered the evidence in the record. Money Mailer's motion for reconsideration is DENIED.

With regards to the motion for certification of an interlocutory appeal, Money Mailer has not shown exceptional circumstances that would justify piecemeal consideration of these issues by the Ninth Circuit. The Court finds, however, that certification of the state law issues to the Washington Supreme Court is warranted in the circumstances presented here. Pursuant to RCW 2.60.020, "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto." The certification process generally serves the important judicial interests of efficiency and comity, and the Court recognizes that there is a presumption against certification

to the state Supreme Court when the federal court has already resolved an issue on summary judgment. Thompson v. Paul, 547 F.3d 1055, 1065 (9th Cir. 2008); Hinojos v. Kohl's Corp., 718 F.3d 1098, 1108-09 (9th Cir. 2013). Despite the expenditure of time and resources the undersigned has already made in evaluating and deciding Brewer's motion for summary judgment, the Court finds that "cooperative judicial federalism" would be enhanced by certification. Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974).

As the memoranda of the parties makes clear, Washington law differs from many states in the level of protection it provides to franchisees. Being cognizant of that fact, the Court made two findings which were not compelled by existing case law. First, the Court impliedly found that a franchisee may generally rely on the price at which a franchisor purchased a particular good or service to show what the "fair and reasonable price" for that service is. Second, the Court found that selling a franchisee a particular good or service for twice what it cost the franchisor is not a "fair and reasonable price" and violates FIPA as a matter of Washington law. The Court used its best judgment to predict how the state's highest court would rule given the particular facts of this case (U.S. v. Bibbins, 637 F.3d 1087, 1094-95 (9th Cir. 2001)), but the input of the Supreme Court will ensure that this case proceeds to judgment (and through any appeal) on a firm legal footing. Despite the fact that the Court has already expended "time, energy and resources" considering these issues, comity suggests that this matter should be presented for expedited review pursuant to RCW 2.60.020.

For all of the foregoing reasons, the following questions are hereby certified to the Supreme Court of Washington:

> For purposes of FIPA's prohibition on selling "to a franchisee any product or service for more than a fair and reasonable price" (RCW 19.100.180(2)(d)), may the franchisee rely on the price at which the franchisor is able to obtain the product or service in the absence of evidence indicating that the price was not a true market price?
>
> Does a franchisor violate RCW 19.100.180(2)(d) as a matter of law when it

charges the franchisee twice what it pays for a product or service?

The Clerk of Court is directed to submit to the Supreme Court of Washington certified copies of this Order, a copy of the docket in the above-captioned matter, and Dkt. # 9, 12, 139, 105-06, 109-12, 147, 123, 148, 125-26, 131-32, 177, 180-82, 186, and 193.[1] The record so compiled contains all matters in the pending cause deemed material for consideration of the state law questions certified for answer.

Money Mailer is designated as the appellant before the Supreme Court of Washington. The Clerk of Court shall notify the parties as soon as possible, but no more than three days, after the above-described record is filed in the Supreme Court of Washington. The parties are referred to state RAP 16.16 for additional information regarding procedure before the Supreme Court.

//

//

//

//

//

---

[1] Some of these documents have been filed under seal in the Western District of Washington with the permission of the undersigned.

ORDER CERTIFYING QUESTIONS
TO THE STATE SUPREME COURT - 5

For all of the foregoing reasons, Money Mailer's request for reconsideration or certification for interlocutory appeal to the Ninth Circuit (Dkt. # 180) is DENIED. This matter is hereby certified to the Supreme Court of the State of Washington for consideration of the local law issues set forth above. The federal action is STAYED pending resolution of the certified issues. The Clerk of Court is directed to enter a statistical termination in this case. Such termination is entered solely for the purpose of removing this case from the Court's active calendar. The parties shall, within fourteen days of the Washington Supreme Court's resolution of the certified issues submit a Joint Status Report setting forth the parties' recommendations for a new trial date, other scheduling deadlines, and consideration of pending motions (Dkt. # 163, 179, 187, 190, 194, 198, 205, 215, and 218).

Dated this 7th day of September, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER CERTIFYING QUESTIONS
TO THE STATE SUPREME COURT - 6