UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONEY MAILER, LLC,

    Plaintiff,

v.

WADE G. BREWER,

    Defendant.

WADE G. BREWER,

    Counterclaim Plaintiff,

v.

MONEY MAILER, LLC, *et al.*,

    Counterclaim Defendants.

NO. C15-1215RSL

ORDER

On June 28, 2018, the Court found that Money Mailer Franchise Corporation and Money Mailer, LLC (hereinafter, "Money Mailer") had violated the Franchise Investment Protection Act ("FIPA") when it marked up the charges it assessed against its franchisee, Wade G. Brewer, for printing services by over 100%. Money Mailer timely filed a motion for reconsideration, arguing that (1) the Court had failed to consider its evidence regarding the reasonableness of the printing prices charged to Brewer in the light most favorable to Money Mailer, (2) the Court committed manifest error when it held as a matter of law that a 100% markup on the cost of printing services was unreasonable and a violation of the FIPA, and (3) new evidence had come

ORDER - 1

to light showing that Brewer would likely be unable to obtain printing services on the open market for less than what Money Mailer was charging him. Money Mailer also requested permission to take an interlocutory appeal of the Court's determination that a franchisor's two-fold markup of the costs of services charged to a franchisee violates FIPA as a matter of law.

The Court declined to reconsider its factual conclusion that Money Mailer had marked up its costs by approximately 100% or its legal conclusion that selling a specified service to a franchisee at more than twice what those services cost the franchisor violates FIPA's prohibition on selling "to a franchisee any product or service for more than a fair and reasonable price." RCW 19.100.180(2)(d). The Court acknowledged, however, that its conclusions were based on two findings that were not compelled by existing case law. It therefore certified two questions to the Supreme Court of Washington for resolution.

On October 15, 2019, the Supreme Court issued its Certificate of Finality. It concluded that determining what is a "fair and reasonable price" for purposes of RCW 19.100.180(2)(d) requires consideration of "market forces writ broadly." Dkt. # 233 at 13. While the fact finder could consider the price at which the franchisor acquired the product or service, the Supreme Court made clear that that price does not necessarily establish the "fair and reasonable price" of the product or service. The Supreme Court provided a list of additional factors the fact finder may consider when determining "fair and reasonable prices:"

- prices paid by competitor franchisors for the product or service;
- prices charged by competitor franchisors for the product or service;
- consistency of prices paid and/or charged by franchisors in the industry;
- profit margin of the franchisor;
- prices charged to other franchisees by the franchisor;
- business and industry practices;
- the price at which the franchisee could obtain the product or service elsewhere; and
- any value added to the product or service by the franchisor.

ORDER - 2

Id. at 13-14. "Other market forces can apply; this list is not exhaustive. Nor is it exclusive or mandatory: not every factor need be referenced or used. Id. at 14. Given that a "fair and reasonable price" is factual question that turns on "what prudent franchisees and franchisors in similar circumstances would regard as an appropriate price" (Id. at 8), the Supreme Court determined that (1) the price at which the franchisor obtains a good or service does not, in and of itself, establish the fair and reasonable price of that good or service and (2) charging a franchisee twice what the franchisor paid for a good or service does not necessarily violate RCW 19.100.180(2)(d).

Having reviewed the Supreme Court's decision, the parties' memorandum (Dkt. # 230-32), and the remainder of the record, the Court finds that reconsideration of the partial summary judgment order (Dkt. # 177) is appropriate. There is evidence in the record regarding the price of comparable printing services on the wholesale market, the price a competitor franchisor charges its franchisees, the price other franchisees pay for the printing services, the price Brewer agreed to pay for the printing services, value-added services included in the "printing services" for which Brewer paid, and the price Brewer would have had to pay to obtain the printing services elsewhere. The Court's reliance on the price paid by the franchisor to determine the fair and reasonable price for the printing services, to the exclusion of these other indicators of market price, was in error. Because there is a genuine issue of disputed fact regarding the fairness and reasonableness of the prices charged Brewer for printing services, Brewer's motion for summary judgment regarding a violation of RCW 19.100.180(2)(d) (Dkt. #105) is DENIED. An amended case management schedule will be issued.

DATED this 19th day of November, 2019.

Robert S. Lasnik
United States District Judge

ORDER - 3