UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONEY MAILER, LLC,

    Plaintiff,

v.

WADE G. BREWER,

    Defendant.

NO. C15-1215RSL

ORDER DENYING THIRD PARTY'S MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on "Third Party Linda Marrese's Motion for Protective Order." Dkt. # 179. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

In April 2018, plaintiff served Ms. Marrese with a subpoena requesting documents and, after conferring with defense counsel, noted her deposition for July 13, 2018, in Seattle. Ms. Marrese was defendant's bookkeeper during periods relevant to this litigation. In his initial disclosures, defendant identified Ms. Marrese as a person with knowledge of defendant's damages as well as his franchise's accounting, bookkeeping, and records.

Three days before the deposition was scheduled to occur, defendant abandoned his claim for lost profits. Two days before the deposition, defendant notified plaintiff that Ms. Marrese's testimony was no longer relevant because lost profits were no longer an issue and Ms. Marrese

ORDER DENYING THIRD PARTY'S
MOTION FOR PROTECTIVE ORDER - 1

had stated that she has no responsive documents and no specific recollection of any transactions or interactions between the parties. Plaintiff pointed out that defendant was still seeking to recover damages, including overpayments to Money Mailer, and that Ms. Marrese would have relevant information regarding a number of other issues, including whether Money Mailer's conduct is causally related to Brewer's losses. The parties conducted a telephonic meet and confer on July 12th, and defendant filed this motion for protective order after hours on the night before the deposition. Ms. Marrese did not appear the next day. Plaintiff incurred costs preparing for the deposition and added expenses related to same-day cancellations.

In reply, defendant concedes that Ms. Marrese has information that is relevant to the claims and defenses asserted in this litigation, but argues that a motion for protective order filed on the eve of the deposition was justified because (a) Ms. Marrese's testimony became "far less relevant" after defendant abandoned his claim for lost profits, (b) defendant acted as quickly as he could given the changing landscape of the litigation, and (c) a protective order limiting the scope of the deposition remains appropriate. Dkt. # 185 2-5. None of these arguments is persuasive. Ms. Marrese has (or is reasonably presumed to have) information relevant to the parties' claims and defenses, she is well-placed to answer questions regarding defendant's finances and financial documents, and plaintiff is entitled to question her regarding all relevant topics, including whether defendant's alleged losses were caused by acts or conduct unrelated to Money Mailer. Defendant's unilateral decision to abandon his claim for lost profits does not make the rest of Ms. Marrese's testimony unavailable or otherwise justify a motion filed sixteen hours before the deposition was scheduled to begin.

ORDER DENYING THIRD PARTY'S
MOTION FOR PROTECTIVE ORDER - 2

For all of the foregoing reasons, defendant's motion for a protective order is DENIED, and plaintiff's request for an award of reasonable expenses incurred as a result of Ms. Marrese's failure to appear for deposition and the attorney's fees associated with responding to defendant's motion is GRANTED. Plaintiff shall, within fourteen days of the date of this Order, submit a properly supported statement of fees and costs, which shall be noted on the Court's calendar for the third Friday after filing.

Dated this 26th day of March, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING THIRD PARTY'S
MOTION FOR PROTECTIVE ORDER - 3