1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONEY MAILER, LLC,

                Plaintiff,

      v.

WADE G. BREWER,

                Defendant.

NO. C15-1215RSL

ORDER GRANTING IN PART
MONEY MAILER'S MOTION TO
COMPEL COMMUNICATIONS
WITH CHUCK GOURLEY

This matter comes before the Court on Money Mailer's "Second Motion to Compel Discovery" (Dkt. # 205) and Brewer's "Cross Motion for Protective Order" (Dkt. # 215). Money Mailer seeks to discover all communications between Brewer and Charles "Chuck" Gourley, Brewer's longtime friend and the Money Mailer franchise owner who introduced Brewer to Money Mailer and acted as his adviser regarding the franchise. Gourley has information regarding Brewer's interest in, knowledge of, and negotiations for a Money Mailer franchise, advised Brewer how to make the franchise profitable, and was in fairly constant communication with Brewer as his relationship with Money Mailer deteriorated and litigation ensued. Brewer asserts that he has produced all relevant, non-privileged communications between himself and Gourley (approximately 420 communications), withholding communications that were potentially responsive but were irrelevant because they "deal with the minutia of life commonly

ORDER GRANTING IN PART MONEY
MAILER'S MOTION TO COMPEL - 1

discussed amongst friends," and providing a privilege log of communications withheld under an

attorney/client, work product, and/or joint defense privilege. Dkt. # 215 at 2.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the

Court finds as follows:

**A. Relevance**

Brewer's general relevance objection, pursuant to which he has withheld communications

that are responsive but irrelevant, is overruled. While there are undoubtedly emails and texts

with Gourley that discuss their favorite Facebook quiz or travel arrangements or other "minutia"

having nothing to do with the claims or defenses asserted in this litigation, those

communications are not at issue here: they need not be produced because they are not responsive

to Money Mailer's discovery requests. Money Mailer seeks communications regarding the

franchise and/or Money Mailer, and Brewer offers no explanation for why communications that

touch on those topics are not relevant. Unless a communication involves only the minutia of a

friendship - and not the franchise and/or Money Mailer - the presumption is that it is relevant

and Brewer has not overcome that presumption.

Brewer alternatively argues that communications with Gourley regarding the franchise

and/or Money Mailer after the inception of the franchise are irrelevant because Brewer has

waived his claim for lost profits. Brewer claims that Money Mailer sold him a franchise by

misrepresenting its potential for profit, arguing that a Money Mailer franchise is simply not

viable. He also seeks damages. Gourley has (or is reasonably believed to have) information

relevant to what Brewer knew when entering into the franchise, how Brewer managed (or

mismanaged) the franchise, and whether Brewer's losses were caused by acts or conduct

ORDER GRANTING IN PART MONEY
MAILER'S MOTION TO COMPEL - 2

unrelated to Money Mailer. Defendant's unilateral decision to abandon his claim for lost profits does not make his communications with Gourley irrelevant.

Finally, Brewer argues that his communications with Gourley after Brewer's franchise terminated on August 4, 2015, are not relevant. There is every reason to believe that Gourley and Brewer continued to discuss the events giving rise to this case, potential legal claims against Money Mailer, Money Mailer's potential defenses, etc. The existence of a twenty-five page privilege log, 80% of which reflects communications that occurred post-termination, essentially proves the point. These communications may contain reflections on past events, reveal the existence of relevant documents, or contain party admissions. Any reasonable counsel would want to know what the opposing party is telling his friend and business adviser about an ongoing dispute: the communications are undoubtedly relevant. The issue is whether they are privileged.

**B. Attorney/Client, Work Product, and Joint Defense Privileges**

The day after Money Mailer filed its motion to compel, Brewer produced a twenty-five page privilege log. The first two pages list documents identified as "Legal Research" or "Attorney Notes" and state that the basis for withholding the documents is the work product doctrine.[1] Brewer's counsel at the time states that these documents reflect her legal research or were prepared at her direction in the spring and summer of 2015. These twenty documents need not be produced.[2]

Brewer claims the attorney/client privilege protects from disclosure communications

---

[1] One entry is described as "Prepared in anticipation of litigation." Dkt. # 220-1 at 2.

[2] To the extent Brewer withheld additional communications with Gourley based on the attorney/client privilege, Dkt. # 220-1 at 5, he has not provided sufficient information regarding those communications to show that the privilege applies.

ORDER GRANTING IN PART MONEY
MAILER'S MOTION TO COMPEL - 3

between Brewer and Gourley between March 2015 and July 2018. Brewer argues that these communications were part of a joint defense or common interest agreement through which Gourley and Brewer were evaluating, defending, and/or pursuing claims arising from their respective Money Market franchises. The joint defense privilege expands application of the attorney/client privilege and the work product doctrine by relaxing the requirement that a communication be made in confidence. It essentially prevents waiver of the privilege where confidential communications are shared between parties and counsel involved in a joint defense or having a common interest. *Griffith v. Davis*, 161 F.R.D. 687, 692 (C.D. Cal. 1995); *Metro Wastewater Reclamation v. Continental Cas.*, 142 F.R.D. 471, 478 (D. Colo. 1992) (explaining that the allied lawyer doctrine, is "merely an extension of the attorney-client privilege and the work-product doctrine."). The doctrine protects communications only when the communications are part of an "on-going and joint effort to set up a common defense strategy." *Eisenberg v. Gagnon*, 766 F.2d 770, 787 (3rd Cir. 1985). *See U.S. v. Schwimmer*, 872 F.2d 237, 243 (2nd Cir. 1989) (explaining that "[o]nly those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected."). Where a "joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel," communications may be deemed privileged whether litigation has been commenced against both parties or not. *Schwimmer*, 892 F.2d at 244.

The evidence submitted by Brewer with regards to the establishment and continuation of an ongoing common enterprise is remarkably thin. The privilege log describes communications between Brewer and Gourley as "email communication regarding litigation," Dkt. # 220-1 at 5, or "text discussion regarding franchisee rights," Dkt. # 220-1 at 6. Neither of these descriptions

ORDER GRANTING IN PART MONEY
MAILER'S MOTION TO COMPEL - 4

suggests that the documents reveal privileged communications or that the exchanges were made pursuant to perceived common interests. Neither Brewer nor Gourley has provided a declaration regarding their understanding of the context in which these communications were made. Attorney Leslie Schwaebe Akins has submitted two declarations stating (a) that Brewer and Gourley approached her in the spring of 2015 with concerns regarding their Money Mailer franchises (Dkt. # 217 at ¶ 2) and (b) that she continues to represent Brewer in this litigation (Dkt. # 217 at ¶ 3; Dkt. # 226 at ¶ 1). Ms. Akins never expressly states that she represented both Brewer and Gourley, how long that representation lasted, or that the clients agreed or intended to pursue a joint strategy with regards to Money Mailer, but offers to provide additional detail regarding her representation for *in camera* review. Dkt. # 217 at ¶ 2. Even if these deficiencies can be remedied, there is no indication that Brewer and Gourley communicated between June 2016 and July 2018 - more than a year after they consulted with Ms. Akins - in the context of a joint defense effort or that their communications during that time meet the other requirements of the attorney/client privilege or the work product doctrine.

For all of the foregoing reasons, Money Mailer's motion to compel is GRANTED in part. Brewer shall produce documents withheld as "potentially responsive but irrelevant" and all communications between Brewer and Gourley withheld on the ground of common interest privilege. Brewer shall, within fourteen days of the date of this Order, either withdraw the claim of attorney/client privilege asserted as to the five documents listed at Dkt. # 220-1 at 5 or produce them for *in camera* review. Brewer may submit with his *in camera* submission a more detailed declaration from Ms. Akins in support of a continuing claim of privilege with regards to

ORDER GRANTING IN PART MONEY
MAILER'S MOTION TO COMPEL - 5

1    those five documents.

2

3            Dated this 15th day of April, 2020.

4

5                                        *Robt S Lasnik*
                                         Robert S. Lasnik
6                                        United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING IN PART MONEY
     MAILER'S MOTION TO COMPEL - 6