UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONEY MAILER, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WADE G. BREWER,<br><br>　　　　　Defendant. | NO. C15-1215RSL<br><br>ORDER FOR FURTHER BRIEFING |

This matter comes before the Court on "Wade Brewer's Motion for Adequate Security." Dkt. # 267. On March 27, 2020, Money Mailer sent to its franchisee's a letter notifying them that it was suspending operations effective immediately. Dkt. # 268 at 6-7. When Money Mailer announced that its assets would be sold for the benefit of its creditors, Brewer filed this motion requesting that Money Mailer be required to post security for its potential liability for the attorney's fees and costs Brewer will incur defending this litigation. The sale of Money Mailer's assets to a third party was announced at the end of April 2020. In its subsequently-filed response memorandum, Money Mailer does not acknowledge a change in its circumstances nor dispute Brewer's assertion that it is now "an empty bag, devoid of any marketable assets or income." Dkt. # 267 at 3.

ORDER FOR FURTHER BRIEFING - 1

Having reviewed the memoranda, declarations, and exhibits submitted by the parties (except as discussed below), the Court finds as follows:

There is no Federal Rule of Civil Procedure relating to security for costs, but the Ninth Circuit recognizes that federal courts have inherent power to require plaintiffs to post security in certain situations. *In re Merrill Lynch Relocation Management, Inc.*, 812 F.2d 1116, 1121 (9th Cir.1987). "Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (quoting 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2671 (footnotes omitted)). The Ninth Circuit has substantively considered and applied the security statutes of Nevada, Hawaii, and California. *Simulnet*, 37 F.3d at 574; *Montserrat Overseas Holdings, S.A. v. Larsen*, 709 F.2d 22, 23 (9th Cir. 1983); *Pittman v. Avish Partnership*, 525 F. App'x 591, 592-93 (9th Cir. 2013). Contrary to Money Mailer's argument, there is no evidence of a "strong federal policy against posting bonds for litigation" (Dkt. # 278 at 5), nor is there a bar against requiring security. Rather, courts must ensure that security bond provisions are applied in a way that balances the claimant's right to access the courts with the exigencies faced by defendant. *Simulnet*, 37 F.3d at 576 (noting that "toll-booths cannot be placed across the courthouse doors in a haphazard fashion") (quoting *Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723, 728 (1st Cir. 1984)).

In Washington, RCW 4.84.210 provides:

> When a plaintiff in an action . . . resides out of the county, or is a foreign corporation, . . . as to all causes of action sued upon, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant . . . When required, all proceedings in the action or proceeding shall be

ORDER FOR FURTHER BRIEFING - 2

stayed until a bond, executed by two or more persons, or by a surety company authorized to do business in this state be filed with the clerk, conditioned that they will pay such costs and charges as may be awarded against the plaintiff by judgment, or in the progress of the action or proceeding, not exceeding the sum of two hundred dollars. A new or additional bond may be ordered by the court or judge, upon proof that the original bond is insufficient security, and proceedings in the action or proceeding stayed until such new or additional bond be executed and filed. The plaintiff may deposit with the clerk the sum of two hundred dollars in lieu of a bond.

"The statutory maximum is $200, but the trial court may order additional security beyond that amount where an independent basis in contract, statute, or equity allows." *In re Estate of Wood*, 164 Wn. App. 1031 (2011). State law therefore authorizes the Court to require a nonresident plaintiff to post a bond in an amount sufficient to provide security for any cost award that ultimately might be entered against it.

Brewer has provided competent evidence that the statutory bond of $200 is insufficient in this case. The contract on which Money Mailer sued contains a prevailing party fee provision that applies to "all costs and expenses incurred in connection with the action, including arbitration and court costs, investigation costs and costs of collection, and reasonable attorneys' fees (including reasonable reimbursement for in-house attorneys)." Dkt. # 268 at 21.[1] Brewer has

---

[1] Money Mailer points out that Brewer's defense to Money Mailer's contract claim is that the contract is invalid and must be rescinded. It then asserts that, if Brewer prevails, no fees or costs would be awarded because there would be no contractual basis for doing so. The security provided by RCW 4.84.210 covers costs and fees that may be awarded under contract, statute, or equity, however. Under Washington law, even if the contract on which Money Mailer sued is found to be null and void, RCW 4.84.330 provides statutory authority for an award where the litigation involves "any action on a contract." The state appellate courts have found that this language "encompasses any action in which it is 'alleged that a person is liable on a contract.'" *Stryken v. Panell*, 66 Wn. App. 566, 572 (1992) (quoting *Herzog Aluminum, Inc. v. Gen. Am. Window Corp.*, 39 Wn. App. 188, 197 (1984)). Thus, even if Brewer prevails on his claim of rescission, that would not change the fact that Money Mailer alleged

ORDER FOR FURTHER BRIEFING - 3

already paid $150,000 in attorney's fees and costs related to the defense of Money Mailer's claims and currently owes counsel another $510,000. Dkt. # 283 at ¶¶ 2-4. Approximately $20,000 of that amount was related to proving Brewer's affirmative damage claim (Dkt. # 283 at ¶ 5) and is therefore not "on the contract."

Money Mailer argues that the Court should not exercise its inherent authority to require a bond because (1) bonds are intended to secure only future costs, and at this stage of the proceeding it is not clear whether any claims will survive summary judgment or whether any additional costs will be incurred and (2) the factors discussed in *Simulnet* weigh against requiring security. Unlike the Nevada statute that was at issue in *Simulnet*, RCW 4.84.210 contains no deadline by which a defendant must demand security. The statute is intended to secure for the benefit of a resident defendant any costs and charges which may ultimately be awarded against a nonresident plaintiff: there is no indication that speculative future expenses are to be secured while fixed past expenses must be left unsecured. Washington law requires only that the defendant pursue security with diligence. *See In re Estate of Wood*, 164 Wn. App. at *7 (discussing the territorial decision in *Swift v. Stine*, 3 Wn. Terr. 519 (1888)). As discussed in the opening paragraph, Brewer only recently became aware that Money Mailer intended to - and apparently did - divest itself of all assets, throwing into doubt Money Mailer's ability to satisfy a fee award. Brewer acted with diligence in seeking security as soon as the need for such assurance arose.

The Ninth Circuit has identified three factors to guide district courts in the exercise of their sound discretion when determining what, if any, assurance "is fair in the light not only of

---

that Brewer was liable on a contract for purposes of an award under RCW 4.84.330.

ORDER FOR FURTHER BRIEFING - 4

the case itself and of the exigencies faced by the defendant, but also fair when illuminated by the actual financial situation of the plaintiff." *Simulnet*, 37 F.3d at 576 (quoting *Aggarwal*, 745 F.2d at 728). The *Simulnet* factors include "(i) the degree of probability/improbability of success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (iii) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." *Id.* (quoting *Aggarwal*, 745 F.2d at 727-28). Money Mailer's contract claim may or may not succeed: although the Court declines to determine an exact probability of success in the context of this motion,[2] the claim is not frivolous, nor is it vexatious. From Brewer's perspective, he has a "legitimate need for the prophylaxis of a bond" where the expense of defending this litigation against his out-of-state former franchisor has been extraordinary and there is evidence that his accuser has made itself judgment proof in the midst of the litigation. *Aggarwal*, 745 F.2d at 728.

  The third factor of the *Simulnet* analysis, plaintiff's perspective regarding the propriety and amount of surety, is unknown. Despite acknowledging that its financial ability to post the requested bond is an element to be considered, Money Mailer does not address the issue in its response memorandum. Dkt. # 278 at 8-11. Money Mailer ignores the asset sale and the implications thereof. Thus, the existing record contains no evidence that Money Mailer would be unable to post a suitable bond or that application of the state procedure would bar it from the courthouse. Nevertheless, the Court is reluctant to be the first federal court to apply RCW 4.84.210 without a full and complete analysis of the *Simulnet* factors. Money Mailer will, therefore, be given seven days in which to file a supplemental memorandum, not to exceed six

---

  [2] The Court has not, therefore, considered the merits-related arguments and evidence provided by Brewer.

ORDER FOR FURTHER BRIEFING - 5

pages, explaining its current financial position and whether/why posting a bond in the amount of $640,000 (the amount Brewer has already incurred in defending the claims Money Mailer asserted in this litigation) would be impossible. Brewer may, within three days of receipt of Money Mailer's supplemental memorandum, file a reply of no more than three pages. The Clerk of Court is directed to renote Brewer's motion for adequate security (Dkt. # 267) on the Court's calendar for Friday, June 12, 2020.

**One final word from the Court: the personal attacks and hyperbole that have marred the submissions of both parties must stop. Going forward, counsel shall focus on the law and the facts, not on speculation regarding the opposing party's motives. A failure to do so may result in the sua sponte imposition of sanctions.**

Dated this 3rd day of June, 2020.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER FOR FURTHER BRIEFING - 6