UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONEY MAILER, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WADE G. BREWER, <br><br> Defendant. | NO. C15-1215RSL <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Money Mailer's motion to compel discovery. Dkt. # 240. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Money Mailer seeks information, including the recipients, amounts, and purposes of payments made by Brewer's franchise, copies of all checks written on behalf of the franchise, and copies of Brewer's personal tax returns from 2009 to the present, to confirm its suspicion that Brewer ransacked the franchise, using it as his personal piggy bank while failing to pay debts the franchise was accruing. Brewer argues that the way he operated the franchise is irrelevant to any claim or defense in this litigation now that he has abandoned his claim for lost profits. The Court has already found, however, that Money Mailer is entitled to discover facts related to the cause of the franchise failure. Dkt. # 255 at 2. If, for example, Brewer acted

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL - 1

inequitably in siphoning funds out of the franchise, it may impact the availability of rescission as a remedy[1] and/or may help defeat Brewer's claim that Money Mailer misrepresented the nature and profitability of the franchise. Brewer's relevance objection is overruled.

Brewer also opposes the motion to compel on the grounds that Money Mailer exceeded the number of interrogatories allowed, that obtaining bank copies of all checks written on behalf of the franchise would be prohibitively expensive, and that his personal tax returns are irrelevant and protected from disclosure.

**A. Number of Interrogatories**

Brewer argues that interrogatories seeking information regarding the witnesses and facts that support each enumerated allegation of his counterclaim should be counted as multiple interrogatories. For example, Interrogatory No. 2 seeks the identity of all persons and a description of all facts related to Brewer's allegation that Money Mailer charged excessive rates for five different services. Brewer asserts that the inquiry should be counted as five (or perhaps ten) separate interrogatories. Dkt. # 243 at 12. The Court disagrees. Federal Rule of Civil Procedure 33(a)(1) states "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." The Advisory Committee Notes make clear that "[p]arties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Advisory Committee Notes of 1993. An interrogatory subpart is not considered "discrete" or "separate" if it is "logically or factually subsumed within and necessarily related to the primary question." *Trevino v. ACB*

---

[1] The Court declines Brewer's invitation to assume or presume that he is "less in the wrong" without being fully apprized of the facts. Dkt. # 243 at 8.

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL - 2

*American, Inc.*, 232 F.R.D. 612, 613 (N.D. Cal. 2006) (citation omitted).

The primary question at issue in Interrogatory No. 2 is "what is the basis for your contention at Dkt. 12, ¶ 1.4?" While courts are not in agreement as to whether an inquiry regarding persons with knowledge is distinct from an inquiry regarding supporting facts or whether a list of topics necessarily entails multiple inquiries, the Court finds that, in the circumstances presented here, Interrogatory No. 2 is a single interrogatory because the subparts are subsumed within the primary question regarding the basis for Brewer's counterclaim allegation. *See Synopsys, Inc. v. ATopTech, Inc.*, 319 F.R.D. 293, 297 (N.D. Cal. 2016) ("Subparts asking for facts, documents, and witnesses relating to a primary contention or allegation are logically or factually related, and thus should be construed as subsumed in the primary question."). The Court has no doubt that the analysis could yield a different outcome if the subparts are not tied together with reference to a single, underlying inquiry. But, for purposes of this motion, Interrogatory Nos. 2, 3, 12, 13, and 14 are each one interrogatory.

**B. Undue Burden**

Brewer has provided substantial information regarding his franchise's finances, including a list of persons to whom compensation was paid, a 41-page list of checks written in the first quarter of 2015, and a 165-page printout of the franchise checking account register for the entire franchise period. Dkt. # 241-3 and # 241-4. The second and third documents show the payee, the amount paid, and a notation regarding the purpose of the payment. Brewer has also produced the franchise's bank statements (which apparently do not show the recipient or purpose of the checks).

Money Mailer is not satisfied with the production. It has identified a discrepancy in the

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL - 3

descriptive notation related to a March 31, 2015, payment to Brewer and would like detailed account notations throughout the franchise period, not just for the first quarter of 2015.

The Court finds that the single discrepancy identified by Money Mailer - that the check list describes a $20,000 payment to Brewer as "Professional Fees" and "AIM related Federal Income Taxes" (Dkt. # 241-3 at 41) whereas the checking register calls the same payment "Shareholder Distributions: 2012 . . ." (Dkt. # 241-4 at 163) does not justify the compelled production of hard copies of all checks written on behalf of the franchise. The faces of the actual checks likely show only the date, payee, amount, and possibly a brief notation in the memo line, exactly the information provided in the checking register. Money Mailer offers no indication of what more it hopes to discover by compelling Brewer to pay $5.00 for every check the franchise ever wrote, especially where it has identified only a single discrepancy.

The Court will, however, required Brewer to obtain and produce a copy of the $20,000 check that was written on the franchise's account on March 31, 2015, to state clearly the total amount paid to him each calendar year from the franchise's accounts, and to produce any and all "Check Detail" registers for the remainder of the franchise period.

**C. Personal Tax Returns**

Money Mailer has reason to suspect that the franchise's accounting systems may have understated the amount of money transferred from the franchise to Brewer. As a check on the stated amount, Brewer shall produce his personal income tax returns from 2011 to 2015. The returns are subject to the Protective Order entered by the Court on June 10, 2016.

For all of the foregoing reasons, Money Mailer's motion to compel is GRANTED in part

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL - 4

1  and DENIED in part. Money Mailer's request for an award of attorney's fees is DENIED.

3   Dated this 3rd day of June, 2020.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL - 5