UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONEY MAILER, LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>WADE G. BREWER,<br><br>             Defendant. | NO. C15-1215RSL<br><br>ORDER AWARDING FEES AND COSTS |

This matter comes before the Court on "Money Mailer's Motion for Reasonable Attorney's Fees and Costs." Dkt. # 259. In March 2020, the Court denied two discovery motions filed by defendant Wade Brewer (and/or his counsel) and found that an award of reasonable expenses under Fed. R. Civ. P. 37(a)(5) was appropriate. A review of the discovery orders shows that Brewer's position on both motions was largely unjustified,[1] that the filing of a motion for

---

[1] Based on the existing record, it appears that Linda Maresse engaged defense counsel to respond to the deposition notice, but that most of the objections were interposed on Brewer's behalf and in furtherance of his litigation strategy. There is no reason to believe, for example, that Maresse would have sought a protective order based solely on her concerns regarding the drive into Seattle or the limited scope of her knowledge. Indeed, she did not file a motion in the two months between the time the subpoena was served and the deposition date. Rather, the sudden decision to seek a protective order and refuse to appear at the deposition was driven primarily by Brewer's decision to waive his claim for damages and downplay the relevance of his franchise's financial records. For purposes of this motion, the Court therefore attributes arguments raised and positions taken by defense counsel in the underlying discovery motions and in response to the fee petition to Brewer.

ORDER AWARDING FEES AND COSTS - 1

protective order sixteen hours before a deposition was scheduled to begin caused Money Mailer to incur unnecessary expenses, and that Brewer's last-minute changes of position and failure to meaningfully confer resulted in half-baked arguments that had to be abandoned or altered in the midst of the briefing. Brewer does not challenge the appropriateness of a fee award or defense counsels' hourly rates. He argues, however, that attorney's fees incurred in preparing for the third-party deposition of Linda Maresse were not awarded or recoverable, that the number of hours expended responding to the two motions is excessive, and that Maresse should not be penalized for attempting to object to the third-party subpoena as provided in Rule 26(c). Brewer also argues that fees related to the fee petition should not be awarded because the parties were making progress toward resolving this dispute without Court intervention when Money Mailer filed a combined fee petition.

      Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

      The Court declines to award attorney's fees related to counsel's preparation for the Maresse deposition.[2] If Money Mailer deposes Maresse in the future, these preparations will have value even if some additional work is necessary.[3] Nor will fees be awarded for preparing and filing the fee petitions. Despite timely overtures from Brewer regarding the possibility of a negotiated settlement of the fee issues, Money Mailer waited until the day before the Maresse

---

[2] A number of these entries would also be excluded or reduced because they cover multiple activities in a single entry, only some of which are recoverable.

[3] The email exchanges submitted by the parties suggest that Money Mailer is confused as to "whether and when the Court is ordering a deposition of Ms. Maresse." Dkt. # 265 at 5-6. The Court denied the motion for protective order, removing that impediment from conducting the deposition. But Money Mailer did not file a cross-motion to compel: if it still wants Maresse's testimony, it must serve an appropriate subpoena.

ORDER AWARDING FEES AND COSTS - 2

petition was due to provide information regarding the fees it would be seeking, severely limiting, and ultimately precluding, the chance for a negotiated settlement. In addition, Money Mailer rushed to file the fee petition related to the motion to compel early, cutting off substantive negotiations toward settling the matter informally.

The remainder of the fees and costs, including the cost of serving the notice of deposition on Maresse, are recoverable.

Pursuant to Fed. R. Civ. P. 37(a)(5), when a discovery motion is denied the Court may "require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." In the circumstances presented here, Daniel Brown of Williams, Kastner & Gibbs PLLC, as the attorney filing the motion for protective order on behalf of Maresse, shall pay to Money Mailer $9,821.50 in fees and $594.00 in costs. Brewer, as the party moving to compel, shall pay to Money Mailer $12,474.00 in fees related to that motion. In light of the outstanding issues regarding Money Mailer's continuing right to pursue this litigation and ability to secure a potential fee/cost award if Brewer prevails, these amounts will be included in the judgment, either as an amount due or as an offset.

Dated this 1st day of July, 2020.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER AWARDING FEES AND COSTS - 3