UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONEY MAILER, LLC,

    Plaintiff,

v.

WADE G. BREWER,

    Defendant.

_____

WADE G. BREWER,

    Counterclaim Plaintiff,

v.

MONEY MAILER, LLC, *et al.*,

    Counterclaim Defendants.

NO. C15-1215RSL

ORDER DENYING DEFENDANT BREWER'S MOTION FOR SUMMARY JUDGMENT

    This matter comes before the Court on defendant Wade G. Brewer's "Motion for Partial Summary Judgment." Dkt. # 247. Brewer argues that Money Mailer Franchise Corporation and Money Mailer, LLC (hereinafter, "Money Mailer" or "the franchisor") violated the Franchise Investment Protection Act ("FIPA") by selling products and services to its franchisees "for more than a fair and reasonable price" (RCW 19.100.180(2)(d)) and by failing to disclose a material fact that was necessary to make its other disclosures not misleading under all the circumstances (RCW 19.100.170(2)). Brewer also seeks judgment as a matter of law on his Consumer

ORDER DENYING DEFENDANT BREWER'S
MOTION FOR SUMMARY JUDGMENT - 1

Protection Act ("CPA") claim, either because the FIPA violations are *per se* unfair or deceptive acts in trade or commerce or because advertising low franchise fees while secretly inflating charges for products and services is unfair and deceptive conduct.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1071 (9th Cir. 2019).

ORDER DENYING DEFENDANT BREWER'S
MOTION FOR SUMMARY JUDGMENT - 2

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] and taking the evidence in the light most favorable to Money Mailer, the Court finds as follows:

**A. "Fair and Reasonable Price," RCW 19.100.180(2)(d)**

In response to questions certified by this Court, the Washington Supreme Court concluded that determining what is a "fair and reasonable price" for purposes of RCW 19.100.180(2)(d) requires consideration of "market forces writ broadly." Dkt. # 233 at 13. While the price at which the franchisor acquired the product or service is relevant, the Supreme Court made clear that that price does not necessarily establish the "fair and reasonable price" of the product or service. The Supreme Court provided a list of additional factors the fact finder may consider when determining "fair and reasonable prices," including:

- prices paid by competitor franchisors for the product or service;
- prices charged by competitor franchisors for the product or service;
- consistency of prices paid and/or charged by franchisors in the industry;
- profit margin of the franchisor;
- prices charged to other franchisees by the franchisor;
- business and industry practices;
- the price at which the franchisee could obtain the product or service elsewhere; and
- any value added to the product or service by the franchisor.

*Id.* at 13-14. "Other market forces can apply; this list is not exhaustive. Nor is it exclusive or mandatory: not every factor need be referenced or used." *Id.* at 14. The Court found that what is a "fair and reasonable price" is a factual question that turns on "what prudent franchisees and franchisors in similar circumstances would regard as an appropriate price." *Id.* at 8.

---

[1] This matter can be decided on the papers submitted. Brewer's request for oral argument is therefore DENIED. Money Mailer's motion to strike (Dkt. # 250 at 7-8) is also DENIED. The Court considers the unsupported statements of fact or law in Brewer's papers to be nothing more than argument. In the absence of supporting evidence, the arguments are not likely to be persuasive, but that does not necessarily make them inadmissable or improper.

ORDER DENYING DEFENDANT BREWER'S
MOTION FOR SUMMARY JUDGMENT - 3

After reviewing the Supreme Court's decision, the Court found that there was evidence in the record regarding the price of comparable printing services on the wholesale market, the price a competitor franchisor charges its franchisees, the price other franchisees pay for the printing services, the price Brewer agreed to pay for the printing services, value-added services included in the "printing services" for which Brewer paid, and the price Brewer would have had to pay to obtain the printing services elsewhere. Dkt. # 234 at 3. Much of this evidence arguably supports Money Mailer's position that the prices it charged Brewer were fair and reasonable. Because Money Mailer had raised a genuine issue of fact regarding the fairness and reasonableness of its charges, the Court found that Brewer was not entitled to judgment as a matter of law on his claim under RCW 19.100.180(2)(d).

In this motion, Brewer again seeks judgment on the "fair and reasonableness" issue. He has not, however, offered any new evidence or argument regarding most of the factors identified by the state Supreme Court. Brewer simply contends that "Money Mailer's printing charges for twice what they cost is not 'fair and reasonable' as a matter of law" even if market forces writ broadly are considered. Dkt. # 247 at 8; Dkt. # 253 at 13. The Court has already found that there is evidence from which the fact finder could reasonably conclude that Money Mailer was charging fair and reasonable prices for its products and services despite the markup. Reconsideration of that finding is not warranted and, because there is a genuine issue regarding the fairness and reasonableness of Money Mailer's charges, summary judgment on the RCW 19.100.180(2)(d) claim is inappropriate.

**B. Failure to Disclose a Material Fact, RCW 19.100.170(2)**

FIPA makes it "unlawful for any person in connection with the offer, sale, or purchase of any franchise" to make a communication "which . . . omits to state a material fact necessary in order to make the statements made in light of the circumstances under which they were made not misleading." RCW 19.100.170(2). Brewer argues that Money Mailer's failure to disclose that it charges franchisees more for products and services than it pays violates this provision. In his

motion, Brewer makes no attempt to explain why such a disclosure was required to make Money Mailer's offering documents not misleading, especially given the fact that Money Mailer fully disclosed the printing and other costs Brewer would incur per mailing and in total.[2] When Money Mailer pointed out this deficiency, Brewer identified a provision of the offering documents that states:

> MMLLC, our only approved supplier for these services and materials, makes these services available to you at its customary prices, rates, terms and conditions for similar purchasers, which are subject to change periodically with 30 days' written notice.

Dkt. # 253 at 2.

It is unclear what part of this statement is misleading in the absence of a disclosure that Money Mailer charges its franchisees more than it pays for printing services. The offering documents simply state that Money Mailer will charge Brewer at "its customary prices," the same ones it charges other franchisees. Money Mailer told Brewer what those prices were. Whether or not the disclosed charges exceeded Money Mailer's costs does not make the identified statement more or less misleading. Brewer makes no effort to show that he was charged a price that was outside the norm for Money Mailer or that was different from that charged other franchisees. He has not shown, as a matter of law, that Money Mailer violated RCW 19.100.170(2).[3]

---

[2] Brewer does not contend that the cost information provided was inaccurate.

[3] Brewer also cites a provision in the franchise disclosure document stating that the printing, production, distribution, and mailing services provided by Money Mailer are material benefits offered to franchisees under the franchise agreement. Dkt. # 253 at 7. The inaccuracy in this statement has not been identified. Brewer is not entitled to a determination as a matter of law that this statement, which was accompanied by a list of charges associated with the services provided by Money Mailer, was misleading simply because the benefit conferred would have been greater had Money Mailer provided the services at cost.

To the extent Brewer's RCW 19.100.170(2) claim is based on the assertion that any reasonable franchisee would want to know how the franchisor makes its money and whether or not the franchisor's

ORDER DENYING DEFENDANT BREWER'S
MOTION FOR SUMMARY JUDGMENT - 5

**C. Consumer Protection Act, RCW 19.86.0001** *et seq.*

There are disputed issues of fact as to the existence of an unfair and deceptive act. Brewer has not established a *per se* unfair and deceptive practice in the form of a FIPA violation, nor has he shown that, as a matter of law, (a) accurate price and royalty information becomes deceptive when a seller fails to disclose its own costs or (b) Money Mailer's markups were so large and unreasonable as to be unfair.

For all of the foregoing reasons, Brewer's motion for partial summary judgment (Dkt. 247) is DENIED.

Dated this 6th day of July, 2020.

Robert S. Lasnik
United States District Judge

---

interests and incentives line up with that of its franchisees, he has not identified any statutory duty to disclose this information or any representations in the offering documents that are misleading in the absence of this information.

ORDER DENYING DEFENDANT BREWER'S
MOTION FOR SUMMARY JUDGMENT - 6