UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONEY MAILER, LLC,

    Plaintiff,

v.

WADE G. BREWER,

    Defendant.

NO. C15-1215RSL

ORDER TO SHOW CAUSE

This matter initially came before the Court on "Wade Brewer's Motion for Adequate Security." Dkt. # 267. When Money Mailer notified its franchisees that it was suspending operations and selling its assets for the benefit of its creditors, Brewer requested that Money Mailer be required to post security for its potential liability for the attorney's fees and costs Brewer will incur defending this litigation. Money Mailer does not dispute that, following the sale of all of its assets, it is now "an empty bag, devoid of any marketable assets or income." Dkt. # 267 at 3.

In June, the Court twice requested additional information from Money Mailer regarding, *inter alia*, whether it has the financial wherewithal to post a bond of $640,000 and whether it retained the right to pursue this litigation after transferring all of its assets. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

ORDER TO SHOW CAUSE - 1

There is no evidence that Money Mailer continues to hold the right to pursue the claims asserted in this litigation. The identity of the party to whom that right was transferred is not entirely clear, however, and may depend on the order in which a series of agreements were signed and/or the election of the transferee. What is clear is that Money Mailer transferred the right to pursue the claims asserted against Brewer in this litigation to either MM 2018 (Money Mailer's great-grandparent entity)[1] or Insolvency Services Group, Inc. (the Assignee).[2]

Brewer has requested that Money Mailer's claims against him be dismissed because Money Mailer no longer has standing to pursue the claims. Dkt. # 299 at 8. In the alternative, Brewer requests alternate security now that Money Mailer has distributed its assets in such a way that a judgment against it would likely be unrecoverable. *Id.* Outright dismissal at this stage is procedurally improper, however, and the Court continues to take the security issue under advisement.

A mid-litigation transfer of an interest in a cause of action does not automatically

---

[1] This transfer is reflected in a document entitled "Litigation Agreement." Dkt. # 297-3. Pursuant to this document, Money Mailer transferred to MM 2018 "the right, but not the obligation, to prosecute" Money Mailer's claims against Brewer in exchange for MM 2018's promise to defend the individual defendants from Brewer's counterclaims. If MM 2018 chooses to pursue the claim and ultimately prevails, it promises to pay all proceeds to the Assignee after being reimbursed for the attorney's fees and expenses incurred in obtaining the victory. The Litigation Agreement makes no provision for payment of an adverse judgment if MM 2018 loses. If MM 2018 elected not to pursue the claim asserted by Money Mailer against Brewer (or if the General Assignments, discussed below, were signed before the Litigation Agreement), that asset was transferred to the Assignee.

[2] Through a "General Assignment," all property and assets Money Mailer held at the time of execution were transferred to an Assignee (including all choses in action and the right to sue and defend in the name of Money Mailer). Dkt. # 297-1. There are two exceptions to the transfer of "all assets:" Money Mailer retained its leasehold interests and employee benefit plans. Dkt. # 297-1 at 2-3. The provision in which the right to defend is transferred to the Assignee expressly excludes from transfer the right to defend this litigation. Dkt. # 297-1 at 4. The right to file and litigate claims on behalf of Money Mailer was transferred without exclusion. *Id.*

ORDER TO SHOW CAUSE - 2

terminate the action or require substitution. "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Under Rule 25(c), the first issue the Court must address is whether, in the exercise of its sound discretion, substitution is appropriate. *See In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000). Only if substitution is ordered and the entity holding the claim refuses to appear will the Court consider the other forms of relief Brewer has requested.

For all of the foregoing reasons, it is hereby ORDERED that:

(1) Money Mailer shall, within fourteen days of the date of this Order, serve copies of Brewer's response memorandum (Dkt. # 299) and this Order on MM 2018 and the Assignee pursuant to Fed. R. Civ. P. 4.

(2) Money Mailer and/or its transferee shall show cause on or before August 17, 2020, why the transferee should not be substituted as the named plaintiff in this litigation. In the alternative, Money Mailer may, on or before that date, voluntarily dismiss the claims it has asserted against Brewer.

(3) The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, August 21, 2020. Brewer may file a response on or before the note date.

Dated this 22nd day of July, 2020.

*[signature: MW S Lasnik]*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 3