UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MONEY MAILER, LLC,

          Plaintiff,

    v.

WADE G. BREWER.,

          Defendant.

Cause No. C15-1215RSL

ORDER DENYING BREWER'S
MOTION FOR ATTORNEY'S FEES

This matter comes before the Court on "Wade Brewer's Petition for Reasonable Attorneys' Fees, Expenses, and Costs." Dkt. # 316. Money Mailer filed this lawsuit in 2015 seeking payments allegedly due and owing under its franchise agreement with Brewer. In order to defend himself against those claims, Brewer attempted to invalidate the franchise agreement by arguing that it violated the Franchise Investment Protection Act and the Consumer Protection Act. In addition, Brewer asserted a number of additional counterclaims sounding in tort and contract.[1] Each party successfully defended against the other's claims. Brewer's thirteen counterclaims were abandoned and/or dismissed on summary judgment. Money Mailer's breach

---

[1] Brewer asserted non-statutory claims for declaratory judgment; breach of the purchase agreement; conversion; breach of a March 2013 agreement; breach of the franchise agreement; breach of a consulting fee agreement; intentional misrepresentation; negligent misrepresentation; civil conspiracy; aiding and abetting; unjust enrichment; and breach of the duty of good faith and fair dealing.

ORDER DENYING BREWER'S
MOTION FOR ATTORNEY'S FEES - 1

of contract and moneys due and owing claims were voluntarily withdrawn when the Court found that Money Mailer no longer held the right to pursue the claims it had asserted in this action and the transferee opted not to appear. The Court ordered that, after five years of litigation, Money Mailer's claims would be dismissed with prejudice.

Brewer seeks an award of attorney's fees and costs under a provision of the franchise agreement which states:

> 16.4 Attorneys' Fees. If either party commences any action or proceeding related to this Agreement, then the prevailing party will be reimbursed by the losing party for all costs and expenses incurred in connection with the action, including . . . reasonable attorneys' fees (including reasonable reimbursement for in-house attorneys).

Dkt. # 268 at 21. Brewer argues that he is entitled to $820,417.50 in attorney's fees and $72,438.21 in costs/expenses under this provision.

The primary issue raised by Brewer's motion is whether Brewer can be considered the prevailing party "In general, a prevailing party is one who receives an affirmative judgment in its favor." *Marassi v. Lau*, Wn. App. 912, 915 (1993), overruled on other grounds by *Wachoria SBA Lending, Inc. v. Kraft*, 165 Wn.2d 481, 490-92 (2009), (citing *Schmidt v. Cornerstone Invs., Inc.*, 115 Wn.2d 148, 164 (1990)). "If neither wholly prevails, then the determination of who is a prevailing party depends upon who is the substantially prevailing party, and this question depends upon the extent of the relief afforded the parties." *Riss v. Angel*, 131 Wn.2d 612, 633 (1997). If "both parties have prevailed on major issues, neither qualifies as the prevailing party under the contract." *Am. Nursery Prod., Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 234-35

(1990).[2]

As a preliminary matter, the Court agrees with Brewer that his counterclaims arose out of and are related to the franchise agreement for purposes of the attorney's fee provision. *Seattle First Nat. Bank v. Washington Ins. Guar. Ass'n*, 116 Wn.2d 398, 413 (1991) ("[A]n action is on a contract if the action arose out of the contract and if the contract is central to the dispute."). The Court therefore considers all of the claims and counterclaims at issue when determining whether Brewer obtained affirmative relief and/or substantially prevailed. He did not. Of the fifteen causes of action at issue, Brewer prevailed on only two. He obtained none of the affirmative relief he requested, nor did he defeat Money Mailer's claims on the merits. While he was not held liable for breach of contract, he did not substantively prevail on those claims, either. Rather, Money Mailer's breach of contract and moneys due and owing claims were dismissed because it had transferred the right to pursue the claims and the transferee abandoned the claims. In these circumstances, Brewer does not qualify as a prevailing party under Washington law.

//

---

[2] After reviewing the case law described in the text, Division 1 of the Washington Court of Appeals found that the general principles did not fairly address situations where a defendant has not made a counterclaim for affirmative relief (and therefore could not obtain an affirmative judgment in his or her favor), but successfully defended a number of distinct and severable claims put forth by the plaintiff. *Marassi*, 71 Wn. App. at 915-17. The Court declines to apply *Marassi*'s proportional approach in this litigation: Brewer asserted counterclaims, but did not prevail on any of them or obtain the affirmative relief requested. The Washington Supreme Court's general prevailing party principles therefore apply.

ORDER DENYING BREWER'S
MOTION FOR ATTORNEY'S FEES - 3

For all of the foregoing reasons, Brewer's motion for attorney's fees (Dkt. # 316) is DENIED.

Dated this 12th day of April, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING BREWER'S
MOTION FOR ATTORNEY'S FEES - 4