UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MONEY MAILER, LLC, | Case No. C15-1215RSL |
| Plaintiff, | ORDER |
| v. | |
| WADE G. BREWER, | |
| Defendant. | |
| _____ | |
| WADE G. BREWER, | |
| Counterclaim Plaintiff, | |
| v. | |
| MONEY MAILER, LLC, and MONEY MAILER FRANCHISE CORP., | |
| Counterclaim Defendants. | |

This matter comes before the Court on "Wade Brewer's Motion for Reconsideration or Certification re Petition for Reasonable Attorneys' Fees, Expenses, and Costs." Dkt. # 326. The Court is persuaded that it erred to the extent that the prior analysis turned on the fact that Brewer did not defeat Money Mailer's contract claims on the merits. Money Mailer's claims were dismissed with prejudice and cannot be reasserted against

ORDER - 1

Brewer. He therefore prevailed on those claims even if Money Mailer's abandonment of the claims deprived Brewer of the opportunity to prove the merits of his defense.

      Nevertheless, the outcome remains the same. Both parties asserted claims in this litigation,[1] both parties prevailed on major issues, and both parties must therefore bear their own attorney's fees under Washington law. *See Am. Nursery Prod., Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 234-35 (1990); *Country Manor MHC, LLC v. Doe*, 176 Wn. App. 601, 613 (2013). Regardless whether one counts every claim asserted in this litigation (in which case the tally is thirteen successes for Money Mailer and two for Brewer) or only the major claims (in which case Money Mailer succeeded on two and Brewer succeeded on one), Brewer was not the substantially-prevailing party. Because Washington law is clear that a contractual fee award is appropriate in these circumstances only where the party has obtained affirmative relief and/or substantially prevailed, certification to the Washington Supreme Court is not warranted.

//

//

---

[1] Contrary to his repeated assertions, Brewer's thirteen statutory, tort, and contract claims were not merely defenses to Money Mailer's claims.

ORDER - 2

For all of the foregoing reasons, the Court reconsiders its Order Denying Brewer's Motion for Attorney's Fees (Dkt. # 325), again finds that Brewer does not qualify as a prevailing party in the circumstances presented here, and denies Brewer's request for certification.

Dated this 29th day of August, 2022.

Robert S. Lasnik
United States District Judge

ORDER - 3